(No. 21576.—)

Dietrich G. Reinken, Defendant in Error, *vs.* Louise Marion Ellis Reinken, Plaintiff in Error.

*Opinion filed February 23, 1933.*

CUTTING, MOORE & SIDLEY, (CHARLES S. CUTTING, and RALPH F. HIMMELHOCH, of counsel,) for plaintiff in error.

DEFREES, BUCKINGHAM, JONES & HOFFMAN, (DON KENNETH JONES, and WILFRED M. DOHERTY, of counsel,) for defendant in error.

Mr. JUSTICE ORR delivered the opinion of the court:

Dietrich G. Reinken, defendant in error, filed a bill for divorce from Louise Marion Ellis Reinken, plaintiff in error, in the circuit court of Cook county. The cause was tried without a jury upon issues raised by the bill of complaint and a cross-bill filed by plaintiff in error. At the earliest opportunity counsel for plaintiff in error moved for the impaneling of a jury, which motion was denied because the statutory fee of eight dollars required under section 33 of the Fees and Salaries act (Smith's Stat. 1931, chap. 53, p. 1500,) had not been paid. Exceptions were preserved to the court's ruling in order that the validity of the statute requiring the payment of a fee for the services of a jury might be passed upon by this court. A decree was entered finding plaintiff in error guilty of adultery and dismissing her cross-bill for want of equity. Upon presentation of the decree plaintiff in error moved the court that she be permitted to resume her name by her first marriage, namely, Louise Marion Ellis. This motion was granted and such provision was included in the decree. Subsequently the present writ of error was sued out in her behalf under the name of Louise Marion Ellis Reinken, assigning, among other errors, the unconstitutionality of the statute requiring an advance payment of jury fees. A plea of release of errors was thereupon filed by defendant in error, alleging that since the date of the decree, March 25, 1932, plaintiff in error has used and been known by her

former name, Louise Marion Ellis, and that by so doing she has obtained and accepted affirmative relief by the decree and thus waived and released all errors, if any, which were committed by the court below. The plaintiff in error has demurred to the plea and the cause has been submitted on the demurrer. The only question before us is whether the facts set up in the plea and admitted by the demurrer are sufficient to constitute a release of errors.

The rule is well established that a party against whom an error has been committed may release such error, and if he voluntarily accepts benefits conferred upon him by a decree, such acceptance operates as a release of errors and may be pleaded in bar to his assignment of error. (*Scott* v. *Scott,* 304 Ill. 267; *Gridley* v. *Wood,* 305 id. 376.) A party to a decree cannot avail himself of those parts which are beneficial to him and afterwards prosecute a writ of error to reverse that part which is unfavorable. (*Boylan* v. *Boylan,* 349 Ill. 471.) However, there are certain well-known exceptions to this rule which have been recognized by this court. One condition to its operation is that the acceptance of benefits must be voluntary, in the sense that the party is not required by the decree to do the act relied upon as a release of errors. The payment of a judgment before execution does not operate as a release of errors but is regarded as being made under legal compulsion; (*Hatch* v. *Jacobson,* 94 Ill. 584;) the payment of a judgment for taxes against lands before the delivery of any precept of sale to the collector is not a release of errors in the proceeding; (*Page* v. *People,* 99 Ill. 418;) the delivery of the possession of a house in obedience to a decree will not operate as a release of errors; (*Kuttner* v. *Haines,* 135 Ill. 382;) and the receipt of taxes not in dispute but admitted to be due is not the voluntary acceptance of any right conferred by the decree. (*Schaeffer* v. *Ardery,* 238 Ill. 557.) So, also, we have held that the acceptance of benefits in the decree by the complainants in the orig-

inal bill is in no sense a waiver of their right to review the decree granting relief on the cross-bill. *Moore* v. *Williams*, 132 Ill. 591.

The precise question involved here has never been passed upon by this court. All of the cases cited, or which we were able to find, wherein the general rule has been ap. plied are cases where the decree involved money or property rights and one of the parties was estop'ped from contesting such decree because he had obtained or might obtain a financial advantage at the expense of the other party. Thus, in *Holt* v. *Reid*, 46 Ill. 181, cited with approval in *Boylan* v. *Boylan, supra,* the reason for the rule is stated: "If a decree is to be reversed the parties should be placed *in statu quo.* It would be manifestly unjust to permit Clapp to take all the money the decree gives him and then speculate upon the possibilities of getting more by means of a writ of error. * * * We are clearly of opinion that a party cannot accept money directed to be paid him by a decree and then ask a reversal on the ground that it did not give him enough." The reason generally assigned for invoking the rule is to prevent one of the parties to a proceeding from being placed in a disadvantageous position or having a fraud worked upon him. Thus, in *Beardsley* v. *Smith,* 139 Ill. 290, where it was not shown "that there was any such change in the provisions made by the decree for a sale of the property and a division of the proceeds of the sale as worked any inconvenience or loss to the defendants in error * * * or by which their rights were affected," a plea of release of errors was held bad. In other'words, the receipt of a financial benefit by one of the parties or the possible loss of money, property or substantial right by other parties to a decree, so that they could not be placed *in statu quo* in case of reversal, seems to be the basis for the imposition of the general rule above announced.

In the case before us no money or property rights were conferred upon the plaintiff in error by the decree. She

was simply enabled to resume her name by a former marriage. The only complaint is that she may have benefited by changing her name in compliance with the authority granted. We cannot speculate on whether the right to use her former name may or may not have been an advantage to her. But in any event we fail to see how by dropping the name "Reinken" she has inflicted any fraud, inconvenience or possible loss on her divorced husband. In any event, the plea does not establish that the defendant's resumption of her maiden name was pursuant to the permission granted in the decree. Even without permission thus granted, the defendant had a right to resume her maiden name upon the entry of the decree of divorce. At common law, and in the absence of statutory restriction, an individual may lawfully change his name without resort to any legal proceedings, and for all purposes the name thus assumed will constitute his legal name just as much as if he had borne it from birth. (45 Corpus Juris, 381.) Our "act to revise the law in relation to names" (Cahill's Stat. 1931, chap. 96) permits an individual to apply to the circuit court for the entry of an order changing his name. These statutory provisions are, however, not exclusive but are merely permissive, and they do not abrogate the common law right of the individual to change his name without application to the courts. (45 Corpus Juris, 381, 382, and authorities there cited.) In 19 Corpus Juris, under the title "Divorce," it is said at page 182: "Since at common law a person may assume any name which does not interfere with the rights of others, a woman who has obtained a divorce may, even without statutory authority, resume her maiden name." (Citing authorities.)

It is manifest that this case does not come within the principle governing those cases where pleas of release of errors have been held good. There is no inconsistency in the conduct of the plaintiff in error in assuming her former

414

name under the decree where no possible inconvenience, loss or fraud to the defendant in error can be shown.

The demurrer is therefore sustained, and leave is given to the defendant in error to join in error if he shall be so advised, and in that event to file his brief and argument by the first day of the next term. *Demurrer sustained.*