(No. 30786.—

IN RE WILL OF MINNIE WESTERMAN.—(FRED GARRELS, Appellant, *vs.* REKA SHUMAN, Appellee.)

*Opinion filed November 18, 1948.*

FORT & FORT, of Minonk, for appellant.

B. H. HUSCHEN, of Roanoke, for appellee.

Mr. JUSTICE SIMPSON delivered the opinion of the court:

A freehold being involved, appellant comes directly here seeking to reverse a judgment of the Woodford County circuit court admitting to probate the last will and testament of Minnie Westerman, deceased, and denying probate of her former will executed under the name of Wilhelmina Frerichs.

The deceased left two children, Fred Garrels, appellant, and Reka Shuman, appellee. There are two wills of the deceased involved, one made by her on April 9, 1942, under the name of Wilhelmina Frerichs, and the other made by her on April 13, 1942, under the name of Minnie Westerman. Both wills meet all requirements of the law to admit

them to probate. The main differences between them are that in the former she devises a certain tract of land to her son and another tract to her daughter. In the latter will the tract devised to her son in the former will is devised to her daughter, and the one devised to her daughter by the former will is devised to her son. In the latter will both son and daughter are given certain personal property not specifically mentioned in the first will. In the former will the son was appointed executor and in the latter the daughter is named executrix.

In the exordium or beginning clause of the Westerman will the testatrix, after reciting that she is of sound mind and memory and has made her will, says: "hereby expressly revoking any and all other wills, codicils, or testaments by me at any time heretofore made."

There is no question but that the names Wilhelmina Frerichs and Minnie Westerman apply to the same person, nor is there any question but that this individual used the name Minnie Westerman in practically all her business affairs. Both of the wills were executed by use of her mark. Both were filed in the county court of Woodford County where appellant petitioned for probate of the former and appellee petitioned for probate of the latter. That court admitted the latter will to probate and denied probate of the former. Fred Garrels appealed to the circuit court of Woodford County where the action of the county court was upheld as to each of said wills and an order was entered consolidating the two causes, both of which are covered in this appeal.

The question for decision is, did the will of Minnie Westerman dated April 13, 1942, revoke her prior will of April 9, 1942, executed under the name of Wilhelmina Frerichs, or did the prior will remain unrevoked at the time of decedent's death? Appellant takes the position that a will executed under one name cannot be revoked by a later

will executed under a different name even though both are executed by the same person and the two names apply to that person. Our statute concerning revocation of wills is found in section 46 of the Probate Act (Ill. Rev. Stat. 1947, chap. 3, par. 197,) and provides in part as follows: "A will may be revoked only  *  *  *  (b) by some other will declaring the revocation, (c) by a later will to the extent that it is inconsistent with the prior will, or (d) by an instrument in writing declaring the revocation and signed and attested in the manner prescribed by this Article for the signing and attestation of a will." It is claimed by appellant that no authority is found in the above section for a testator to revoke a prior will by a recitation to that effect in a later will unless the later will is executed under the same name as the one attempted to be revoked, or unless some specific words are used to show an intention to revoke the particular will when executed under a different name.

Appellee takes the position that the name used by the testator in a subsequent will which recites the revocation of a prior one is not highly important if the subsequent testator is in fact the same person as the one who executed the prior will. She also says that the latter will being inconsistent with the former, it revokes the former to the extent of the inconsistency.

There is no claim that the testatrix was of unsound mind and memory and no charge of fraud, duress or undue influence is made, nor is there any question concerning the identity of the testatrix. The record clearly shows that the same person made both of the wills before us. Deceased's maiden name was Westerman. She first married John Garrels and to them were born two children, the appellant and the appellee herein. The Garrelses were subsequently divorced and she later married Hayung E. Frerichs, which marriage was also dissolved by divorce. In that proceeding

her maiden name was not restored. The deceased never had any other child nor did she adopt any child, nor did she remarry after her divorce from Frerichs. In the former will she made this statement: "After my first divorce, I transacted all of my business, such as signing checks and so on, under my maiden name of Wilhelmina Westerman, and such has been my practice up to the present time. I understand that notwithstanding the manner in which I have transacted my business as above stated, my legal name is Wilhelmina Frerichs. This statement is placed in my will to avoid any confusion that might possibly arise because I have transacted my business as aforesaid."

The precise question involved here has never been passed upon by this court, nor can we find any reported case where the same question has arisen. Various rules of statutory construction are urged in appellant's brief concerning which there is no question. He cites cases holding that statutes are to be construed in accordance with the intention of the legislature as expressed in the language used by it; that a statute will be given the construction which makes it reasonable and wholesome rather than absurd, odious or mischievous; that courts will have regard to the circumstances and objects sought to be obtained by the statutes; that expression of one thing is an exclusion of another, and that where the language is susceptible of a construction which preserves the usefulness of the act the judicial duty rests on the court to give expression to the intendment of the law. We find no fault with the principles enunciated in those cases but appellant can find but little comfort in the application of them. They serve better on the side of the appellee.

There is no claim that the prior will was not revoked in accordance with the statute if it could be lawfully revoked by the use of the name Minnie Westerman instead of the name Wilhelmina Frerichs. In our opinion it is

not necessarily the name used by the testator in the execution of his will, but it is the person to whom that name applies, that determines whose will it is. A will may be valid where it was signed by mark even though the mark is not accompanied by the testator's name or by the words "his mark." *Cunningham* v. *Hallyburton,* 342 Ill. 442.

It is argued because deceased was not authorized to resume her maiden name in her last divorce proceeding that her legal name is that of her last husband—Frerichs. As before stated, in a case of this kind the name used is not important as long as the person to whom it applies is identified as being the one having authority to act. A wife after a decree of divorce may, when it does not interfere with the rights of others, resume her maiden name even though permission to do so is not given in the decree. *Reinken* v. *Reinken,* 351 Ill. 409.

Appellant says that the intention to revoke a prior will must be made to appear in some competent way, and cites cases to that effect. It would be difficult, however, to express an intention to revoke a prior will more clearly than the intention is expressed by the testatrix in the Westerman will. The rule seems to be that where a testator has in a later will used express words in terms revoking a former will or wills such words are to be taken to mean what is expressed and will be operative as a revocation. *Lasier* v. *Wright,* 304 Ill. 130.

It is our opinion that under the statute the will of Minnie Westerman dated April 13, 1942, definitely and legally revoked her will dated April 9, 1942, executed under the name of Wilhelmina Frerichs. The judgment and order of the circuit court of Woodford County admitting the Westerman will to probate and denying probate of the Frerichs will is therefore affirmed.

*Judgment affirmed.*