**Hortense G. Solomon (Now Known as Hortense G. Stone), Appellant, v. Harold N. Solomon, Appellee.**

**Gen. No. 46,450.**

First District, Second Division.

March 8, 1955.

Released for publication April 20, 1955.

Hoffman & Davis, of Chicago, for appellant.

William C. Wines, of Chicago, for appellee.

MR. PRESIDING JUSTICE McCORMICK delivered the opinion of the court.

This is an appeal from an order of the superior court of Cook county entered on January 28, 1954 permanently restraining and enjoining the plaintiff from instituting or proceeding with any proceeding in any court to change the name of the minor child of the plaintiff and defendant until such child reaches the age of 21 years. This order was entered as a part of the original divorce proceedings between plaintiff and defendant.

The plaintiff on April 28, 1938 obtained a decree of divorce from the defendant on the ground of extreme and repeated cruelty. The decree awarded the "care, custody, control and the supervision of the education of said minor child" to the plaintiff, with the right in the defendant to visit and take out the minor child as specified in the decree. Subsequent orders entered in the case changed the times of visitation and gave the defendant custody of the child for specified limited periods. The last of such orders stated that it should not be considered as affecting the adjudication there-

tofore made entitling the plaintiff to the custody of the minor child. Since the decree of divorce the plaintiff has remarried and the minor child has made his home with his mother and foster father. There has been considerable bickering between the parties herein concerning custody and the name which the child shall bear. This is the second time that the case has been before this court. Solomon v. Solomon, 319 Ill. App. 618.

The plaintiff on December 16, 1953 caused to be published in the Chicago Law Bulletin a notice that the minor, by the plaintiff as his mother and legal custodian, would on the first day of February 1954 file a petition in the circuit court of Cook county to change his name to that of his foster father. Under the statute providing for change of name through court proceedings (Ill. Rev. Stats., ch. 96, pars. 1–3 [Jones Ill. Stats. Ann. 109.436–109.438]), it is necessary that a minor's petition be signed by the parent or guardian having legal custody. On January 19, 1954 the defendant filed a petition in the superior court for an injunction to restrain the plaintiff, her agents and attorneys, from proceeding with such action now or at any time in the future. This petition was answered and a hearing was held before the court on January 28, 1954, at which hearing the minor testified along with other witnesses. The boy was then 17½ years of age and was a freshman at the University of Michigan. His testimony was to the effect that he desired to have his name changed; that he had been called by his foster father's name and preferred it to his father's name; that among his father's friends he was known by his father's name, but that his mother called him by the name of his foster father and he was introduced to her friends by that name. The court on January 28, 1954 entered an order restraining and enjoining the plaintiff from instituting or proceeding with any proceeding in any court to change the name of the minor child until he reaches the age of 21 years.

299

The plaintiff bases her appeal upon the sole contention that the trial court had no jurisdiction to entertain the petition. The plaintiff argues that the courts in divorce actions have no inherent equity powers; that the jurisdiction in all matters of divorce must be specifically conferred by the Divorce Act; that no provision is to be found in that Act concerning the change of name of a minor child, nor did the decree so provide; and hence the court had no jurisdiction to entertain a petition to enjoin the plaintiff from proceeding with the change of name action.

▋ Jurisdiction of the subject matter is the power of the court to hear and determine the issues involved in the cause. McFarlin v. McFarlin, 384 Ill. 428; Nordland v. Poor Sisters of St. Francis, etc., 4 Ill.App.2d 48. The court says in Kelley v. Kelley, 317 Ill. 104:

". . . the Divorce act authorizes the court which has jurisdiction of a suit for divorce to make orders concerning the care and custody of the child or children of the parties during the pendency of the suit or upon final hearing when a divorce is decreed, and this order respecting the care, custody and support of the child or children may be altered from time to time as changed conditions warrant. (Stafford v. Stafford, 299 Ill. 438.) Since the children of divorced parents are often exposed to the mutual animosities and jealousies of their parents and the happiness of the children and their usefulness as citizens are thereby endangered, it is the established policy of the law of this State to regard such children as wards of the court. The nurture and proper training of the children of divorced parents being matters of vital interest to the State as well as to the children themselves, the legislature has provided that the court granting a divorce shall have full and continuing jurisdiction, during the minority of such children, to make from time to time such orders with respect to their care, custody, and support as reason

300

and justice shall require. While the marriage relation may be dissolved and the marital rights and duties thereby brought to an end, the relation of parent and child cannot be destroyed."

See also Williams v. Williams, 316 Ill. App. 6; Cummer v. Cummer, 283 Ill. App. 220.

■ ■ The court, under the authority of the Divorce Act having made provision for the custody of the minor child, has jurisdiction to enter necessary and proper orders with respect thereto, and to enforce its orders may invoke the inherent powers of a court of chancery. The practice and proceeding in divorce cases in Illinois, except as specifically limited by the Divorce Act, are generally those of courts of chancery. Riddlesbarger v. Riddlesbarger, 341 Ill. App. 107.

While the exact question involved in this case is for the first time before the courts of this State, it has been passed on by the courts of other jurisdictions. Those courts have held that the right to change the name of minor children of divorced parents is a matter incidental to the custody of the child and is properly the subject matter of the court's determination and within its jurisdiction. Application of Ebenstein, 85 N.Y.S.2d 261; In re Cohn et al., 50 N.Y.S.2d 278; Schoenberg v. Schoenberg, 57 N.Y.S.2d 283; Pendray v. Pendray, 35 Tenn. App. 284, 245 S.W.2d 204; Clinton v. Morrow, 220 Ark. 377, 247 S.W.2d 1015.

■■■■ At common law an individual may lawfully adopt whatever name may suit his convenience without any court proceedings. It has been held that the Illinois statutory provisions with reference to court proceedings changing a name are not exclusive but are merely permissive, and that the common law is not abrogated. Reinken v. Reinken, 351 Ill. 409. Here, however, the action of the court is directed, not against the minor, but against a party to the original divorce suit who now under court order has the custody of the child. In

301

■■■■■■

determining whether or not any restraint should be put upon plaintiff's action in aiding the minor child to change his name, of course the first and most important consideration before the trial court should be the welfare of the child. The matter is within the discretion of the court. The question of the propriety of the trial court's order is not before us and upon it we express no opinion. If the matter of a change of name of a minor child of divorced parents is a matter incidental to the custody of the child, and we hold it is, then the court had the jurisdiction to entertain the motion and to enter the order involved in this appeal. The defendant could have objected to the proceedings to change the name of the minor in the circuit court where the petition was to be filed, but the fact that he had such right does not deprive him of his right to proceed as he has.

The order of the superior court of Cook county appealed from is affirmed.

Order affirmed.

ROBSON and SCHWARTZ, JJ., concur.