Marilyn (Hammonds) BURKE, Appellant,

v.

Donnie HAMMONDS, Appellee.

Court of Appeals of Kentucky.

Aug. 31, 1979.

As Modified Oct. 12, 1979.

Robert L. Caummisar, Grayson, for appellant.

Walter W. Turner, Salyersville, for appellee.

Before GUDGEL, WHITE and WILHOIT, JJ.

GUDGEL, Judge.

This is an appeal from an order of the Carter Circuit Court permanently enjoining appellant, Marilyn Burke, from changing the names of her children, and directing she use their given name for all purposes. The issues are: (1) whether a circuit court has jurisdiction, on application of a natural father, to enjoin a mother from changing a child's name to his step-father's name; and (2) if so, whether the injunction may issue without the court having held an evidentiary hearing.

Mrs. Burke was granted a divorce from appellee, Donnie Hammonds, in 1969, and later remarried. The divorce judgment awarded custody of their two children to Mrs. Burke. Mr. Hammonds was granted visitation rights and ordered to pay support. In 1978, Mr. Hammonds filed an application in the divorce action asking the court to permanently enjoin Mrs. Burke from changing the children's name from "Hammonds to Burke." The court did not hear evidence, but did order the parties to brief the issue. It then entered findings of fact, conclusions of law, and an order permanently enjoining Mrs. Burke from changing the children's name, and directing her to use the "Hammonds name for all purposes." Mrs. Burke appeals.[1]

I

Mrs. Burke contends that she has an absolute right to apply for a name change, and that the circuit court did not have jurisdiction to enjoin her exercise of that right. We disagree.

This jurisdiction recognizes the common law right of any person to informally change their name by public declaration. KRS Chapter 401 is not intended to abrogate the common law, but merely to insure that a permanent record is made of the name change. *Winkenhofer v. Griffin,* Ky., 511 S.W.2d 216 (1974). Therefore, even a child, on his own initiative, may exercise the common law right. However, he may not do so pursuant to statute because the statutory right is vested in the parent.

It is true, as Mrs. Burke argues, KRS 401.020 was amended in 1974 to provide that a "parent" has the right to change the name of a child under eighteen by petition to the district court of the county in which they reside.[2] However, although a mother may possess the statutory right to change her child's name, it does not follow that a circuit court may not enjoin her exercise of that right if it has jurisdiction to do so as an incident of its statutory jurisdiction to determine custody matters attendant upon a marriage dissolution. We hold that it does.

Our marriage dissolution statute mandates that it "shall be liberally construed and applied to promote its underlying purposes."[3] Two of these are the safeguarding of family relationships and the mitigating of potential harm to spouses and their children caused by a dissolution.[4] Further, the statute recognizes the circuit court's continuing jurisdiction to modify custody decrees,[5] and to modify visitation orders.[6]

---

1. Mr. Hammonds did not defend this appeal, advising his attorney that he could not afford it, and that even if this Court ruled in his favor, Mrs. Burke would not cease using the Burke name for the children. Therefore, we must decide this appeal without the benefit of an appellee's brief.

2. There is no restriction as to which parent may apply. Previously, the statute had reserved the right to the father.

3. KRS 403.110.

4. KRS 403.110(1) and (3).

5. KRS 403.340.

6. KRS 403.320.

We believe that our marriage dissolution statute manifests an intent that circuit courts should assume an activist role in matters involving minor children, arising out of a marriage dissolution, especially matters affecting the emotional welfare of a child. No one can seriously argue that changing a child's name from that of his natural father to that of his step-father could not weaken the emotional bond between the child and his father, or that such a change would necessarily be in the child's best interest. Further, it is recognized that a natural father has a protectable right to have his child bear his name, 57 Am.Jur.2d *Name* § 14 (1971), and injunctive relief is the only remedy by which that right can be adequately protected. Therefore, since the circuit court is vested with continuing jurisdiction of custody matters attendant upon the dissolution of a marriage, and because KRS Chapter 403 mandates that the court safeguard family relationships and mitigate potential harm to parents and children, we hold that a circuit court has jurisdiction to enjoin a mother from changing a child's name to his step-father's name. Otherwise, we would permit an unsubstantial statutory right to apply for a name change, to take precedence over an express statement of public policy favoring preservation of family relationships. Our decision is not novel. It comports with the weight of authority. *See, e. g., Solomon v. Solomon,* 5 Ill.App.2d 297, 125 N.E.2d 675 (1955); Annot., 53 A.L. R.2d 914 (1957).

The injunction should not issue unless the court finds that it is in the "best interest" of the child. This determination should be based on the standards contained in KRS 403.270(1) and any other relevant considerations.

## II

Mrs. Burke argues alternatively that, if the court had jurisdiction to issue an injunction, she was entitled to an evidentiary hearing. We agree.

Although the court entered findings of fact and conclusions of law sufficient on their face, it did not hear evidence from witnesses. While a court's findings will not be disturbed on appeal if they are supported by substantial evidence, they will not be sustained if they are supported by no evidence. CR 52.

The need for an evidentiary hearing is obvious. Only after a full hearing, at which all interested parties are given an opportunity to be heard, can the court determine if the proposed name change is or is not in the best interest of the child. Further, such a hearing is mandated by the requirements of due process. Therefore, the court erred when it issued a permanent injunction without hearing evidence.

The order granting an injunction is reversed and remanded for further proceedings consistent with this opinion.

All concur.