*In re* MARRIAGE OF DONNA J. DORKS, Petitioner-Appellant, and DARRELL
D. DORKS, Respondent-Appellee.

Fourth District No. 16877

Opinion filed August 7, 1981.

Elizabeth A. Silver, of Land of Lincoln Legal Assistance Foundation, Inc., of
Alton, for appellant.

No appearance for appellee.

Mr. JUSTICE WEBBER delivered the opinion of the court:

Petitioner filed for dissolution of her marriage and as part of the relief sought requested that her former name be restored to her. After taking the matter under advisement, the circuit court of Greene County denied her request, stating that where children were involved, their best interest required that the mother retain her married name. The custody of the three children of the marriage was awarded to petitioner who appeals only that portion of the dissolution order denying her the restoration of her former name.

The appellee has filed no brief in this court. However, the record is simple and the claimed error may be decided on the merits without such assistance. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

Section 413(c) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 413(c)) provides: "Upon request by a wife whose marriage is dissolved or declared invalid, the court shall order her maiden name or a former name restored."

We find this language simple and direct. In this context the word "shall" is mandatory and no qualifications to the request exist.

Under the former statute, section 16 of "An Act to revise the law in relation to divorce" (Ill. Rev. Stat. 1975, ch. 40, par. 17), some discretion was allowed. That section stated: "The court, upon granting a woman a divorce from the bonds of matrimony, may allow her to resume her maiden name or the name of any former husband."

"May" carries with it the connotation of permission, but even permission was not held to be required in *In re Will of Westerman* (1948), 401 Ill. 489, 82 N.E.2d 474.

By changing the language from permissive to mandatory, the legislature indicated a clear intention to strip the trial court of any discretion in the matter.

The trial court was therefore in error in refusing petitioner's request.

That portion of the order of dissolution denying petitioner the restoration of her former name is reversed and the cause is remanded with directions to amend the order of dissolution accordingly.

Reversed and remanded with directions.

TRAPP, P. J., and LONDRIGAN, J., concur.