*In re* MARRIAGE OF GENEVA THOMAS, Petitioner-Appellant, and DONALD THOMAS, Respondent-Appellee.

First District (3rd Division)    No. 80-1315

Opinion filed October 14, 1981.

Helen R. Rogal, of Chicago, for appellant.

No brief filed for appellee.

Mr. JUSTICE WHITE delivered the opinion of the court:

Petitioner, Geneva Thomas, was granted dissolution of her marriage and given custody of her two children, ages 4 and 10. The judgment of dissolution, however, denied her the use of her maiden name. From that portion of the judgment petitioner appeals.

At the hearing below, petitioner was asked by her counsel if she wished to resume her maiden name, she answered yes, and this colloquy followed:

> "THE COURT: Mrs. Thomas, I always consider the best interest of the children, do you feel that by you assuming another name and the children having the name Thomas, that it won't confuse the children?
>
> THE WITNESS: I don't know.
>
> THE COURT: Well, if you don't know, I am not going to let you resume your former name.
>
> MS. ROGAL: I believe she has a basic right to resume it just for asking for it.

THE COURT: Under the best interest—if she is telling me she is doing it for professional use—

MS. ROGAL: The Act says—

THE COURT: It has never been tested. Take it up. Her petition is denied."

This was all of the evidence before the trial court on the issue of the restoration of petitioner's maiden name.

Petitioner contends that the trial court erred in denying her request, asserting that the statutory language is mandatory and leaves the court no discretion as to whether to grant or deny a request for restoration of a maiden name. The Appellate Court, Fourth District, in a recent case has so construed the statute. (*In re Marriage of Dorks* (1981), 98 Ill. App. 3d 1046.) Section 413(c) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 413(c)) provides, "Upon request by a wife whose marriage is dissolved or declared invalid, the court shall order her maiden name or a former married name restored."

■■ By the common law, every person is free not only to assume any surname he or she pleases, but also to change it at any time. In *Reinken v. Reinken* (1933), 351 Ill. 409, 413, 184 N.E. 639, our supreme court said:

"At common law, and in the absence of statutory restriction, an individual may lawfully change his name without resort to any legal proceedings, and for all purposes the name thus assumed will constitute his legal name just as much as if he had borne it from birth. (45 Corpus Juris, 381.) Our 'act to revise the law in relation to names' [citation] permits an individual to apply to the circuit court for the entry of an order changing his name. These statutory provisions are, however, not exclusive but are merely permissive, and they do not abrogate the common law right of the individual to change his name without application to the courts."

■■ Petitioner also contends that the trial court misapplied the best interests of the child concept when presented with petitioner's request for restoration of her maiden name. We agree with her contention. We reach this conclusion whether or not we interpret the language of section 413(c) as mandatory, although we recognize that "shall" is generally held to be mandatory, particularly when addressed to a public official. The best interests of the child are to be considered by the trial court in selecting the custodial parent. The name which the parent uses has not been held to be one of the relevant factors. The welfare of the child becomes an important consideration where the custodial parent petitions to change the name of the minor child (*Solomon v. Solomon* (1955), 5 Ill. App. 2d 297, 302, 125 N.E.2d 675), but not where the custodial parent seeks to change his or her own name. In the trial court no evidence was adduced and no facts were found upon which to conclude where the bests interests

of petitioner's children lay. It appears that the only possible basis for refusing to allow the restoration of petitioner's maiden name is that the children would have a name different from their mother's. This, without more, is not a sufficient basis for a pronouncement of a child's best interests. *Elwell v. Elwell* (1973), 132 Vt. 73, 313 A.2d 394; *Brown v. Brown* (D.C. App. 1977), 384 A.2d 632.

In *Sneed v. Sneed* (Okla. 1978), 585 P.2d 1363, the trial court refused to restore Mrs. Sneed's maiden name because she had a minor child. The statute (Okla. Stat. tit. 12, §1278 (1976 Supp.)) provided: "When a divorce is granted, the wife shall be restored to her maiden or former name if she so desires * * *."

■■ The Oklahoma appellate court held that the statute did not leave discretion to the trial court but that it recognized the common law right of a married woman to change her name back to her maiden, or previously used name, and the fact that a child was born did not operate to deprive the wife of the use of her preconjugal name. The court noted that it was not unusual for children and parents to be living together with different last names since many marriages involve a divorced woman who has children and who changes her name to the name of her new husband.

The trial court erred in summarily denying petitioner's request for restoration of her maiden name. Accordingly, that portion of the judgment of dissolution of marriage which denied petitioner's request to resume use of her maiden name is reversed.

Reversed.

RIZZI, P. J., and McGILLICUDDY, J., concur.