ROSANNE WEINERT, a/k/a Rosanne Huster, Respondent-Appellee, *v.* WALTER WEINERT, Petitioner-Appellant.

Second District   No. 81-658

Opinion filed March 25, 1982.

DeSanto and Goshgarian, Ltd., of Waukegan (James J. DeSanto, of counsel), for appellant.

Jeffrey C. Ericksen and William G. Rosing, both of Rosing, Carlson and Magee, of Waukegan, for appellee.

JUSTICE NASH delivered the opinion of the court:

Petitioner, Walter Weinert, by his conservator, appeals from an order of the circuit court of Lake County which dismissed, without an evidentiary hearing, his petition to modify a decree for divorce. We reverse.

The amended petition alleged that petitioner and respondent, Rosanne Huster, were married in 1965, two children now ages 15 and 12 years were born to them and they were divorced in 1972. During the marriage petitioner suffered injuries to his brain resulting in the appointment of a conservator to manage his affairs. The parties entered into a property settlement agreement in the subsequent divorce proceeding, and the decree provided that a trust of $65,000 be established for the benefit of the minor children with respondent to receive monthly payments from the trust income of $175 for each child until their emancipations, with the corpus then to be paid to petitioner. Petitioner was granted reasonable visitation with the children and was also to be responsible for any extraordinary medical expenses.

The petition further alleged that substantial changes had occurred in the lives and conditions of the parties which warranted modification of the decree. It alleged petitioner had complied with all obligations imposed by the decree, although the corpus of the trust had since been reduced by one-half and is inadequate to pay child support from income alone; that petitioner is now employed as a factory worker with a limited income from which to support himself; that since the divorce respondent attended college and is now a registered nurse capable of earning sufficient income to provide for the support of the children; and that in

1975 respondent remarried to James Huster, who is employed. The petition also alleged that both children have been enrolled in school by respondent under the name of Huster and are so known in the community; that petitioner's efforts to visit with the children have been frustrated by respondent and they are either not allowed by her to see him or refuse to acknowledge him as their father on their own initiative.

As relief, petitioner sought termination of his child support obligation and, alternatively, that the children be required to resume use of their surname of Weinert and that a specific visiting schedule with petitioner be established. Respondent filed a general motion to dismiss the petition as insufficient to modify or terminate support which was granted by the trial court. Petitioner's alternate prayer that the children use his name and that support be abated until they do so was denied. The trial court did establish a specific visitation between petitioner and the children for July 5, 1981, and suggested other visits on holidays be agreed upon between the parties. With respect to the name used by the children, the court made a finding that it would not be in their best psychological interest to return to use of their father's name.

■■■ Courts have the power to modify child support provisions in a judgment of dissolution of marriage even if they were also incorporated in the parties' separation agreement. (Ill. Rev. Stat. 1979, ch. 40, par. 502(f); *Powers v. Powers* (1979), 69 Ill. App. 3d 485, 488, 388 N.E.2d 76, 78.) Nevertheless, any modification of child support is dependent upon a showing that there has been a material change in the circumstances of the parties since entry of the order sought to be altered. (*E.g., Waggoner v. Waggoner* (1979), 78 Ill. 2d 50, 55, 398 N.E.2d 5, 8.) For purposes of review of an order granting a motion to strike a petition, the well-pleaded allegations therein are taken as true (*e.g., Lucchetti v. Lucchetti* (1980), 82 Ill. App. 3d 630, 632, 402 N.E.2d 854, 855), and the motion should not be granted unless it clearly appears that no set of facts can be provided which will entitle the pleading party to recovery (*Newberg-Krug-Brighton v. Illinois State Toll Highway Authority* (1978), 63 Ill. App. 3d 780, 782, 380 N.E.2d 1029, 1031).

■■ Petitioner contends the court erred in striking his petition, thereby precluding him from offering evidence of the changes in circumstances upon which he sought modification. These allegations, if established by the evidence, might constitute material changes in circumstances requiring modification of the child support responsibilities of the parties. This court has stated that substantial economic reverses resulting from employment or investments are proper areas of inquiry in determining whether child support might be reduced or terminated. (*Coons v. Wilder* (1981), 93 Ill. App. 3d 127, 132, 416 N.E.2d 785, 790.) Petitioner has a right to offer

evidence as to his income-producing ability and the reduced amount of the corpus of the trust fund. Furthermore, he alleged respondent has a new career, and the extent she is now able to support the children is a matter to be explored in an evidentiary hearing. See *Addington v. Addington* (1977), 48 Ill. App. 3d 859, 865, 363 N.E.2d 151, 155; *Hursh v. Hursh* (1975), 26 Ill. App. 3d 947, 951, 326 N.E.2d 95, 97-98; *Edwards v. Edwards* (1970), 125 Ill. App. 2d 91, 96, 259 N.E.2d 820, 823.

■■ Petitioner's further allegations that the children refused to visit with and acknowledge petitioner as their father, and the unfortunate possibility respondent may have interfered with petitioner's visitation rights so to keep the children and her new husband as a family unit to the exclusion of petitioner, may also establish substantial changes in circumstances warranting modification of petitioner's obligation. The allegations of the amended petition set forth much more than that respondent has denied petitioner his visitation rights, which alone might not be sufficient grounds for termination of support. (See *Huckaby v. Huckaby* (1979), 75 Ill. App. 3d 195, 393 N.E.2d 1256; *Slavis v. Slavis* (1973), 12 Ill. App. 3d 467, 299 N.E.2d 413.) Here the allegations directed to the financial self-sufficiency of respondent and her choice to preclude the children from visiting petitioner and acknowledging him as their father. On nearly identical facts the court in *Cooper v. Cooper* (1978), 59 Ill. App. 3d 457, 375 N.E.2d 925, reversed an order granting a mother's motion to strike her former husband's petition to extinguish support. See also Annot., 32 A.L.R.3d 1055 (1970), and cases cited therein.

We turn finally to the matter of the use by the children of their stepfather's surname. Respondent argues the children have a common law right to take any name they may choose, citing *Reinken v. Reinken* (1933), 351 Ill. 409, 184 N.E. 639. However, the court there noted this right is not absolute and must not interfere with the rights of others (351 Ill. 409, 413, 184 N.E. 639, 640). The interest of petitioner that his sons bear his surname would appear to qualify their right to use their stepfather's surname where the latter has not adopted them and is not legally burdened with an obligation of support. (See *Solomon v. Solomon* (1955), 5 Ill. App. 2d 297, 125 N.E.2d 675; *Hall v. Hall* (1976), 30 Md. App. 214, 351 A.2d 917.) Respondent also relies upon *Niesen v. Niesen* (1968), 38 Wis. 2d 599, 157 N.W.2d 660, as authority that a child does not become emancipated merely because he chooses to bear his stepfather's surname, and that factor would be insufficient grounds alone for terminating the father's support obligation. Again, we perceive more than a name change is here alleged and consider *Warshaw v. Ginsburg* (1966), 245 Cal. App. 2d 513, 53 Cal. Rptr. 911, as persuasive. There a natural father's support obligations were altered because his teenage sons adopted their stepfather's

name, became incorporated into his family and expressed no interest whatsoever in their natural father except to demand support payments from him.

We conclude the amended petition is sufficient to require an evidentiary hearing of its allegations. While the trial court did find that the interests of the children would best be served by allowing them to use the stepfather's surname as they have for the past few years, that determination should be reached only after a hearing where evidence, rather than allegations, can be adduced by both parties. (*Lawrence v. Lawrence* (1980), 86 Ill. App. 3d 810, 816, 408 N.E.2d 330, 335; *Solomon v. Solomon* (1955), 5 Ill. App. 2d 297, 301-02, 125 N.E.2d 675, 678; see also *In re Marriage of Schiffman* (1980), 28 Cal. 3d 640, 647, 620 P.2d 579, 583, 169 Cal. Rptr. 918, 922-23; Annot., 92 A.L.R.3d 1091 (1979).) We do not intend by our comments to suggest what conclusion should be reached by the trial judge after a hearing.

For these reasons, the orders of the circuit court of Lake County are reversed and the cause is remanded for a hearing of the amended petition.

Reversed and remanded.

HOPF and LINDBERG, JJ., concur.