**Mary Y. BLASI (Now Clark), Movant,**

v.

**Richard W. BLASI, Respondent.**

Supreme Court of Kentucky.

March 30, 1983.

Ted W. Spiegel, Spiegel & Sucher, Louisville, for movant.

E.C. Hume, Jr., Louisville, for respondent.

AKER, Justice.

This is an appeal from an order of the Jefferson Circuit Court directing a divorced mother to return to the Jefferson District Court and petition that court to change the name of her child back to the name of the child's father. The Court of Appeals reversed the decision of the circuit court.

The Court of Appeals was of the opinion that the circuit court had jurisdiction to

order the mother to petition for a name change, but remanded the case for a full hearing to determine if the proposed name change was in the best interest of the child. We granted discretionary review, and now reverse the Court of Appeals.

In 1977, a dissolution of marriage was granted to Richard and Mary Blasi. Mary Blasi (now Clark) received custody of the couple's infant child and chose to revert to her maiden name. In 1979, Ms. Clark petitioned the district court to change the name of the child to Clark. Richard Blasi, the child's father, was not given notice of the petition. KRS 401.020, as then codified, required no notice to the other parent. Ms. Clark's petition was granted and the child's name changed from Blasi to Clark.

Subsequently, in 1980, Richard Blasi petitioned the district court to set aside the change in name. His petition was denied and no appeal was taken.

Approximately a year later, Mr. Blasi moved the circuit court to cite Ms. Clark for contempt for failure to allow visitation. Included within the motion was a request to order the child's name changed back to Blasi. The circuit court entered an order directing Ms. Clark to petition the district court to have the child's name changed. This appeal followed.

The central issue presented is whether the circuit court has jurisdiction to order a divorced parent to petition for change of name of an infant child.

Mr. Blasi, the respondent, argues that the circuit court, pursuant to its continuing jurisdiction over custody matters, could order a divorced parent to petition the district court for a change of name. The respondent contends that the circuit court's jurisdiction for such action arises under KRS 403.270 which mandates that the circuit court shall determine all custody matters in accordance with the best interests of the child.

■ We do not agree. The Kentucky General Assembly has made it clear that the change of name of a child by a parent is not a "custody matter" for the purposes of KRS 403.270. Exclusive jurisdiction for the change of name of a child is placed by statute in the district court. KRS 401.020.

■ Had the General Assembly intended for the circuit court to have jurisdiction to effect a name change it would have specifically granted such jurisdiction. Indeed, such is the case regarding the restoration of the maiden name of a litigant in a dissolution of marriage proceeding. KRS 403.230. To that extent the circuit court's jurisdiction is concurrent with the district court as expressed in KRS Chapter 401. In all other respects the jurisdiction of the district court granted by KRS Chapter 401 is exclusive. Therefore, the circuit court does not have jurisdiction to order a parent to petition the district court for a change of name.

It should be noted that the former version of KRS 401.020, under which this child's name was changed, was flawed in that it required no notice to the nonpetitioning parent. Certainly a parent has a right to be heard concerning the name his child shall bear. KRS 401.020 has since been amended to provide for mandatory notice and an implied right to be heard. Mr. Blasi at any time can return to the district court to petition for a change of name. It is thus unnecessary for the courts to fashion a judicial remedy when an adequate remedy has been provided by statute.

Therefore, the decision of the Court of Appeals is reversed and this case remanded to the Jefferson Circuit Court for proceedings consistent with this opinion.

STEPHENS, C.J., and AKER, GANT, STEPHENSON and VANCE, JJ., concur.

LEIBSON, J., files a separate concurring opinion.

WINTERSHEIMER, J., is not sitting.

LEIBSON, Justice, concurring.

I concur in the results, but not in the decision as to the law in this case.

I agree that circuit court has no authority to direct district court to change the name of a child back to the name of the child's father. Circuit court has appellate but not supervisory jurisdiction over district court.

Circuit court has no power to do indirectly what it cannot do directly. It has no authority to direct a divorced mother to return to the Jefferson District Court and petition that court to change the name of her child back to the name of the child's father, because the effect of that is to direct district court how to perform its function.

However, I disagree with the conclusion that circuit court has no authority to order the name of the child changed by its own order. The name of the child is not merely nominal. It is an essential ingredient in the relationship that continues between the child and the child's father after the dissolution of marriage takes place.

The statutory plan set out in KRS Chapter 403 contemplates that custody and visitation, and all matters reasonably related thereto, shall remain subject to the jurisdiction of the circuit court where the dissolution of marriage occurs, so long as the child remains in the jurisdiction. Circuit court is required to retain these functions and to exercise these functions in the best interest of the child.

It impairs the ability of circuit court to carry out the post-judgment responsibilities assigned to it to decide, as does the majority, that "exclusive jurisdiction for the change of name of a child is placed by statute in the district court." The statute is not specific, and should not be so interpreted.

I agree with this statement by the Court of Appeals in *Burke v. Hammonds*, Ky. App., 586 S.W.2d 307, 309 (1979):

"No one can seriously argue that changing a child's name from that of his natural father to that of his step-father could not weaken the emotional bond between the child and his father, or that such a change would necessarily be in the child's best interest."

A reasonable interpretation of KRS 401.-020, changing a child's name, is that it was intended to be supplemental to the statutes related to the responsibility of circuit court to supervise custody and visitation of children after the dissolution of marriage; a

responsibility which circuit court is directed to carry out in the best interest of the child. Proceedings for changing the name of a child should take place in circuit court so long as there is a dissolution of marriage case on the docket and within the jurisdiction of that court. In all other cases proceedings for changing the name of a child should proceed in district court in conformity with the provisions of KRS 401.020.