*In re* MARRIAGE OF HERMAN WAYNE PRESSON, Petitioner-Appellee, and PAMELA S. PRESSON, a/k/a Pamela S. Kelley, Respondent-Appellant.

Fifth District No. 82—513

Opinion filed July 7, 1983.—Rehearing denied August 3, 1983.

Paul H. Vallandigham, of Winkelmann & Winkelmann, of Urbana, for appellant.

Fred W. Potter, of Princeton, for appellee.

JUSTICE KASSERMAN delivered the opinion of the court:

Petitioner, Herman Wayne Presson, filed a petition for modification of a judgment for dissolution of marriage and for injunctive relief. Petitioner prayed that respondent, his former wife, "and her agents and servants be permanently enjoined from instituting or proceeding with any proceeding in any court to change the name of Gregory Wayne Presson (the parties' minor son), and from using any

name other than Gregory Wayne Presson in the child's school records or in any other context." The trial court granted the injunction as a part of an order for modification of the original order for dissolution of marriage. Respondent appeals only that part of the order relating to the injunction.

On July 29, 1982, a hearing was conducted. The first to testify was Gregory Wayne Presson, who was examined by the trial court. When asked his name, the boy answered "Greg Kelley." He stated that he was seven years old. Gregory told the court that he was a little bit "upset" about his name and wished to be called both "Greg Presson" and "Greg Kelley." He explained that he wished to be referred to by both names because he did not want to hurt either his father's feelings or the feelings of his stepfather, Frederick A. Kelley. Gregory stated that his friends at school called him both "Greg Kelley" and "Greg Presson" and that he had no preference which name his friends used. Gregory said "I just love both names, I like both Kelley and Presson" and asked the trial court why he couldn't use both names if he so desired. The trial court responded, "you're not old enough to do that."

Petitioner testified that he initiated his action for injunctive relief regarding Gregory's surname after he received a letter from respondent's new husband, Mr. Kelley, which informed petitioner that Gregory would be using the surname "Kelley." Petitioner stated that after receiving Mr. Kelley's letter, he telephoned Mr. Kelley and Mr. Kelley informed him that no formal change of name proceedings had been filed and such proceedings were not contemplated. Petitioner was also told that it was Gregory's idea to use the name "Kelley." Petitioner stated that his son is his only male child and the only male grandchild of his parents and that he was concerned that if his son Gregory used the name "Kelley," that when he gets older his son might choose to keep that name rather than "Presson." Petitioner further stated that his son wishes to be called "Kelley" when he is with his mother and "Presson" when he is with petitioner.

Respondent testified that soon after she married Mr. Kelley, her son Gregory came to her and questioned her about the change in her surname from "Presson" to "Kelley." Later, during a discussion with respondent and Mr. Kelley, Gregory asked if he could be referred to by the surname "Kelley." After consulting with her attorney and a child psychologist, respondent and Mr. Kelley contacted school officials and informed them that Gregory wanted to be called "Kelley" and that they had decided to allow him to be called what he wanted to be called. Gregory's teachers agreed to abide by his wishes and

changed his report card to reflect both the names of "Presson" and "Kelley." Respondent said she made no attempt to change Gregory's name on other school records.

While the record fails to reflect it, the briefs of both parties state that the parties stipulated in the trial court that no change of name proceeding under "An Act to revise the law in relation to names" (Ill. Rev. Stat. 1981, ch. 96, par. 1 *et seq.*) had been or would be filed by respondent to officially change Gregory's surname.

On August 16, 1982, the trial court entered an order which, *inter alia*, provided:

"It is hereby ordered that the minor child of the parties shall use the name Gregory Wayne Presson until he is old enough to change it legally himself, and both parties and the child are ordered to use no other name for the child until further order of court."

Initially, we must consider whether the trial court had jurisdiction to enter the above-stated order. We conclude that it did not.

 First, we note that the trial court lacked personal jurisdiction over Gregory. A child is not a party to action involving a petition to modify a judgment of dissolution of marriage. (See *Robin v. Robin* (1977), 45 Ill. App. 3d 365, 374, 359 N.E.2d 809, 815; *In re Marriage of Garrison* (1981), 99 Ill. App. 3d 717, 720-21, 425 N.E.2d 518, 521.) It has long been recognized that any person who may be materially affected by a decree in equity is a necessary party and that "[w]henever a party has been omitted whose presence is so indispensable to a decision of the case upon its merits that a final decree cannot be made without materially affecting his interests, the court should not proceed to a decision of the case upon the merits." (*Gaumer v. Snedeker* (1928), 330 Ill. 511, 515, 162 N.E. 137, 138.) Since Gregory Wayne Presson was not made a party to the instant proceedings; we conclude that the trial court lacked *in personam* jurisdiction over him and, therefore, lacked jurisdiction to order him to refer to himself only by his legal name.

 Additionally, we conclude that the trial court also lacked subject matter jurisdiction to enter the order it did regarding Gregory's name. While we agree with respondent that a trial court has subject matter jurisdiction to order parents not to institute legal proceedings to change a minor child's surname (*Solomon v. Solomon* (1955), 5 Ill. App. 2d 297, 300-02, 125 N.E.2d 675, 678; see also *Lawrence v. Lawrence* (1980), 86 Ill. App. 3d 810, 816, 408 N.E.2d 330, 334-35; and *In re Marriage of Omelson* (1983), 112 Ill. App. 3d 725, 727-29, 445 N.E.2d 951, 953-54), we find the instant case distinguishable. Here

the trial court's order is directed against the minor, a fact which the court in *Solomon* observed might have dictated a different result in that case. (5 Ill. App. 2d 297, 301, 125 N.E.2d 675, 678.) We find that Gregory has the right to insist that others, including his parents, call him what he desires to be called and that the trial court was without jurisdiction to require that a minor utilize any particular name informally. To hold otherwise would, we believe, give a trial court unwarranted authority to interfere with the informal relationships within a family. We reiterate that while the trial court does have jurisdiction to prevent a parent from legally changing the surname of a minor child, a trial court lacks jurisdiction to order a minor child to refer to himself only by a particular name in his informal relationships with others.

■■ ■ Finally, assuming that the trial court had proper jurisdiction in this matter, we find that the circumstances in the instant case, nevertheless, warrant reversal of the trial court's order concerning Gregory's name. The standard applied in cases involving a minor child's change of surname is whether, considering the welfare of the child, the trial court abused its discretion in arriving at its decision. (*Solomon v. Solomon; Lawrence v. Lawrence; In re Marriage of Omelson.*) We find that the trial court abused its discretion in the case at bar. The court virtually ignored the testimony of Gregory regarding his reasons for using both the surnames "Presson" and "Kelley." From the transcript of Gregory's testimony it appears that he is an intelligent boy who gave a great deal of thought to his decision to utilize both the surnames of his natural father and his stepfather. Gregory chose to use both surnames out of respect for the feelings of both petitioner and his stepfather. We view Gregory's testimony to be a compelling factor in support of his decision to informally be known as both "Presson" and "Kelley"; and we conclude that the trial court's apparent disregard of Gregory's ideas due to his youth constituted an abuse of discretion. We further conclude that it is in the best interests of Gregory that he be allowed to make up his own mind as to what he wishes others to call him informally.

For the foregoing reasons, the judgment of the circuit court of Saline County issuing the instant injunction is reversed.

Reversed.

HARRISON, P.J., and WELCH, J., concur.