Laura Laird ASH, Appellant,

v.

Mark THOMPKINS, Appellee.

No. 94–CA–1793–MR.

Court of Appeals of Kentucky.

Feb. 2, 1996.

Mike Nichols, Goodman & Nichols, Munfordville, for Appellant.

Melinda A. Milby, Cumberland Trace Legal Services, Campbellsville, for Appellee.

Before LESTER, C.J., COMBS and WILHOIT, JJ.

*OPINION*

LESTER, Chief Judge.

This is an appeal from the trial court's judgment entered upon findings of fact and conclusions of law.

Laura Laird Ash had a son out of wedlock on March 31, 1992. On July 8, 1993, a Hart District Court signed an agreed order and judgment identifying Mark Thompkins as the father. The parents submitted to blood tests and the results were that the probability of paternity was 99.77%. Thompkins admitted to paternity and agreed to pay child support.

Thereafter, on September 29, 1993, Thompkins filed a petition in the Barren Circuit Court requesting joint custody, a specific schedule of time with the child, and for a change of the child's name. The original summons for Laurie Ash was returned and stamped "Not found in Barren County" and Bonnieville, Hart County was listed. There-

after, Laurie Ash was served in Barren County at her place of employment.

Preceding the filing of Laurie Ash's answer, she filed on November 3, 1993, a motion to dismiss, pursuant to CR 12.02(c), on the ground that venue was improper in Barren County, Kentucky. However, we should note that the day and time lines in the Notice of Hearing were left blank. Attached to the motion was an affidavit wherein Laurie Ash stated that she was the biological mother of Christopher Dewayne Laird and that the child has lived in Hart County, Kentucky since July of 1992. She also stated that the child's pediatrician has her practice in Hart County, Kentucky and that the child has its closest connection with Hart County where significant evidence pertaining to his care, protection, training and personal relationships is most readily available. Thereafter, appellant filed her answer which contained a statement referring to her motion to dismiss and her intention not to waive it. Additionally, Laurie Ash requested in her answer that the cause be dismissed for lack of proper venue.

The matter proceeded to a Domestic Relations Commissioner who ultimately decided the merits of the case. The Commissioner's recommendations to the trial court included granting joint custody with primary physical custody being placed with Mark Thompkins. Visitation was also established. Appellant filed exceptions to the Report and the first one concerned a lack of venue to hear the action. The trial judge remanded the matter to the Commissioner for evidence and a final decision on the exception as to venue. A hearing was held and the Commissioner found that venue was appropriate. The trial court adopted the Commissioner's recommendations and this appeal followed.

■ Now on appeal, Laurie Laird Ash raises several issues. However, based upon our finding that the Barren Circuit Court lacked venue and that such was properly raised we need not address the remaining issues but do however point out that regardless of venue the Barren Circuit Court exceeded its authority in changing the child's name. "Exclusive jurisdiction for the change of name of a child is placed by statute in the district court. KRS 401.020." *Blasi v. Blasi*, Ky., 648 S.W.2d 80, 81 (1983).

■ CR 12.02 provides that every defense shall be asserted in the responsive pleading but that certain enumerated defenses "may at the option of the pleader be made by motion." Those defenses include (c) improper venue. As we demonstrated in the discussion of the facts, appellant did file a motion to dismiss on the above grounds. However, she failed to notice it for hearing. However, the same defense was again acknowledged in her answer. We find that such action was sufficient to preserve the defense and satisfy the requirements of CR 12.08 and that it was not waived. We find it significant that the trial court likewise thought the defense was sufficiently raised for it sent the matter back to the domestic relations commissioner following the filing of exceptions for a resolution of that very issue.

■ Nevertheless, the domestic relations commissioner found that venue was appropriate in the Barren Circuit Court. However, after thoroughly reviewing the record we find to the contrary. KRS 403.420(4)(a) provides:

A child custody proceeding is commenced in the circuit court:

(a) By a parent, by filing a petition:

1. For dissolution or legal separation; or

2. For custody of the child in the county in which he is permanently resident or found;

Paternity was established in Hart County. As appellant's affidavit illustrates, the child's significant contacts are all in Hart County. The pediatrician is located there. Appellant does not disagree with the fact that while her mother was ill she stayed in Barren County. But that is the extent to which she lived in that county after she moved to Hart County with her child in July of 1992. In fact, appellee acknowledged in a memorandum to

the trial court that appellant and child lived in Barren County "for a period of time shortly before this action was filed." At the time of the filing, however, it appears that Laurie Laird Ash and the child were living in Hart County and that is the child's permanent residence. Venue properly lies in Hart County.

The trial court's judgment is reversed.

All concur.