**In re LEIBOWITZ.**

No. 241247.

District Court, N. D. Illinois, E. D.

March 15, 1943.

954

Martin O. Weisbrod, of Chicago, Ill., petitioner.

John M. Dahlberg, of Chicago, Ill., for defendant.

HOLLY, District Judge.

The designated Naturalization Examiner has recommended that the petition of Leo Leibowitz for naturalization be denied. The ground of the objection is that in obtaining a visa from the American Consul at the place of his residence for emigration to America he gave his name as Feive Leibowitz whereas that was the name of his brother who was alive at the time; that at the port of entry September 15, 1927, he falsely claimed to be Feive Leibowitz; that in February, 1928, he travelled to Latvia after obtaining a re-entry permit in the United States under the name of Feive Leibowitz.

Heretofore proceedings were had for the deportation of petitioner based upon the same grounds. The District Court in habeas corpus proceedings discharged the petitioner from detention and custody and the judgment of the District Court was affirmed by the Circuit Court of Appeals in United States ex rel. Leibowitz v. Schlotfeldt, 7 Cir., 94 F.2d 263.

■ It appears that in the year 1919 petitioner, who was a citizen of Latvia, took the name of his older brother Feive Leibowitz for the purpose of escaping service in the Russian Army. He used that name continuously and by that name was issued a permit by the Latvian Government in 1921 granting him the right to operate a tannery. He did business under that name and was known by that name until after his entry in the United States. The Circuit Court of Appeals held that the alleged false statement made by him as to his name to obtain entry to the country was not sufficient grounds for deportation and I am of the opinion that the use by him of the name Feive Leibowitz is not a sufficient reason for denial of naturalization.

■ As a matter of fact his name at the time of his entry into the United States was Feive Leibowitz. At common law and in the absence of statutory restriction an individual may lawfully change his name without resort to any legal proceeding and for all purposes the name thus assumed will constitute his legal name just as though given at birth. Reinken v. Reinken, 351 Ill. 409–413, 184 N.E. 639; United States v. McKay, D.C., 2 F.2d 257; Christianson v. King County, D.C., 196 F. 791. And the fact that he took the name of another living person, even the name of his brother, it seems to me, does not change the rule.

■ Petitioner in his own country for a considerable period of time continually went by the new name and used the new name in all of his business transactions. It was not adopted for the purpose of defrauding any person. He desired to avoid service in the Russian Army at a time of great confusion caused by the Civil War then in progress in the territory in which he was residing. The Circuit Court of Appeals in its opinion stated that "in fact, it appears he was a man without a country". After he came to this country he assumed the name given him at birth and this he had a right to do.

If there were anything in the record to show that petitioner had falsified his name for the purpose of getting into this country or that it was a name assumed temporarily to avoid legal process or to enable him to commit a fraud the situation would be different. But apparently the name Feive Leibowitz was the name he intended to keep in Latvia and he had no fraudulent purposes in mind in using that name on his admission to this country.

His petition for naturalization should be granted.