Nancy **WINTERS**, Deborah Morris, and Betty Wadlington, individually and as representatives of all similarly situated individuals, Plaintiffs,

v.

Faye **MOWERY**, individually and in her official capacity as Marion County Clerk; the United States of America; and Marion County, Indiana, Defendants.

No. IP–91–919–C.

United States District Court,
S.D. Indiana,
Indianapolis Division.

Feb. 1, 1994.

Richard A. Waples, Indiana Civil Liberties Union, and Stephen Laudig, Indianapolis, IN, for plaintiffs.

Andrew P. Wirick, Winfield Ong, Asst. U.S. Atty., and Patricia Polis McCrory and John D. Roop Jr., Harrison & Moberly, Indianapolis, IN, for defendants.

## ENTRY

BARKER, Chief Judge.

Plaintiffs and Defendants Marion County, the United States, and Faye Mowery have brought motions to Alter or Amend the Court's Judgment of November 4, 1993. 836 F.Supp. 1419. For the reasons stated below, the Court grants the United States' motion and denies the remaining motions.

## I. DISCUSSION

### A. THE UNITED STATES' MOTION FOR A NEW TRIAL OR TO ALTER OR AMEND JUDGMENT

■ The United States argues that the Court's entry of November 4, 1993, "created ambiguity with respect to whether the order to pay the interest to class members extends to class members who were, are, or will be required under federal law to assign to the State their right to the maintenance and support on which that interest has accrued or will accrue." *See* United States' Motion for New Trial or to Alter or Amend Judgment, at 2. Moreover, the United States contends that the entry of judgment in favor of "defendants" suggests its liability to Plaintiffs.

The Court grants the United States' motion and holds that because the United States has no interest in the interest at issue in this proceeding, it is not liable to Plaintiffs. Accordingly, the Court amends the language of its November 4, 1993, entry at page 22 and its November 4, 1993, Judgment at page 1 in which "judgment is entered in favor of Plaintiffs and against defendants " (emphasis added) to reflect the fact that the United States has no liability in this case. The amended entry and judgment reflect our conclusion that the interest at issue does not include interest which has accrued or will accrue on spousal maintenance or child support pay-

ments which are subject to assignment for recoupment of AFDC under federal law; thus, Plaintiffs would not be entitled to interest paid upon funds being recouped via AFDC assignment.

B. MARION COUNTY'S MOTION TO ALTER OR AMEND THE COURT'S ENTRY AND JUDGMENT OF NOVEMBER 4, 1993

■ Marion County contends that the Court's granting of full summary judgment in favor of Plaintiffs on both the ownership of interest and taking issues was improper because "both Plaintiffs and Marion County sought summary judgment on the limited issue of who owns the interest generated on the child support payments." Memorandum in Support of Marion County's Motion to Alter or Amend the Court's Entry and Judgment, at 4. Even if we accept as true Marion County's contention that the parties deliberately narrowed the issue to ownership of the interest, the Court notes that both defendant Mowery and Plaintiffs fully briefed the taking issue. That the parties briefed the taking issue is no surprise: once the Court decided who owns the interest, it logically follows that it can and should decide whether keeping that interest amounts to a taking. Moreover, by longstanding practice and precedent, it is clear the fact that the parties may choose to limit their motions to a particular issue does not prevent this Court from addressing issues it deems ready for adjudication. For example, Justice Brandeis considered whether the doctrine of *Swift v. Tyson* [41 U.S. (16 Pet.) 1, 10 L.Ed. 865 (1842) ] should be overruled despite the fact that the parties had neither briefed nor argued this question. *See Hartmann v. Prudential Ins. Co. of America,* 9 F.3d 1207, 1215 (7th Cir. 1993) (Cudahy, J., concurring) (quoting *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 69, 58 S.Ct. 817, 818, 82 L.Ed. 1188 (1938)). This court routinely decides issues of jurisdiction and statute of limitations even if the parties fail to raise them specifically. In addition, Marion County points to no facts which were not adduced, the absence of which undermines the court's decision. Whatever omissions existed in Marion County's briefing of the taking issue, they were not for want of adequate notice to the parties from the court

as to the scope of the controversy or the nature of the final rulings. *See English v. Cowell,* 10 F.3d 434, 437 (7th Cir.1993). In fact, as had been noted above, the parties did brief that issue. The other arguments the county raises have been considered and rejected by this Court. Marion County's motion to alter and amend the entry and judgment is therefore denied.

C. MOWERY'S MOTION TO RECONSIDER AND ALTER OR AMEND JUDGMENT

■ The only new argument that defendant Mowery raises in her Motion to Reconsider and Alter or Amend Judgment is that since the Court granted prospective injunctive relief to Plaintiffs, Mowery should be ordered to pay interest in her possession on and from the date of the judgment, November 4, 1993, instead of from and after the date of the lawsuit, August 15, 1991.

To clarify the Court's judgment, the Court has ordered defendant Mowery to pay the interest that she has and will have in her possession to Plaintiffs. It has not found Mowery liable for the interest that is no longer in her possession. Regarding that interest, the Court notes that Mowery is but a conduit to the ultimate beneficiaries in this case—Marion County. Thus, for the interest that accrued from August 15, 1991 to the present date which is no longer in Mowery's possession, the Court holds that defendant Marion County, not defendant Mowery, is liable. Mowery individually is liable only for the interest in her possession on the date of the judgment (effectively, none because it passed to the county) and is prospectively enjoined from making further interest payments to Marion County. Having made these clarifications, the Court denies defendant Mowery's motion.

D. PLAINTIFFS' MOTION TO ALTER AND AMEND THE JUDGMENT

■ Plaintiffs raise one new contention in their Motion to Alter and Amend Judgment: Marion County is not entitled to Eleventh Amendment immunity and thus Marion County should "pay the plaintiffs the interest accruing on their principle (sic) beginning

with August 15, 1989, to the present." Nowhere in its entry of November 4, 1993, did this Court suggest that the Eleventh Amendment barred damages against Marion County nor did it cite the Eleventh Amendment as a basis for its other rulings. Indeed, the Court's entry awarded the interest that accrued from the date of the lawsuit—August 15, 1991. Had the Court merely confined its relief to prospective injunctive relief, it would have awarded only interest as of the date of judgment, November 4, 1993. To the extent that damages have already been assessed against Marion County, the Court finds no need to amend its judgment as Plaintiffs have suggested and accordingly denies Plaintiffs' motion. Plaintiffs' other arguments regarding the Court's decision on Mowery's Eleventh Amendment immunity have already been considered and rejected.[1]

### E. MARION COUNTY'S MOTION TO AMEND ANSWER AND AFFIRMATIVE DEFENSES

█ Marion County seeks to amend its Answer to specifically plead its denial of the date from which Plaintiffs are entitled to damages. Having considered Marion County's and the Plaintiffs' arguments, the Court finds that its judgment ordering the County to pay Plaintiffs the interest accruing on the Plaintiffs' principal beginning August 15, 1991, obviates the Court's granting the County's motion. The Court finds that the award of interest from the date of the lawsuit—August 15, 1991—represents the fairest measure of damages in this cause of action because the filing of the lawsuit put defendants (named and unnamed at that time) on notice that they were potentially liable for the interest at issue. The Court sees no reason based on equity or justice to extend the damage award to include the period before Plaintiffs' filing of their Complaint. Accordingly, the Court denies Marion County's motion as moot and denies the part of Plaintiffs' motion

seeking any alteration of the date from which damages will be assessed. The Court also denies defendant Mowery's motion to strike and all of defendants' motions to stay as moot.

### F. DISTRIBUTION OF COMMON FUND AND ATTORNEY'S FEES

The only remaining matters to resolve are the distribution of the common fund and the amount of attorneys' fees to which Plaintiffs are entitled as the prevailing parties. These issues have only been partially briefed. Accordingly, defendants are given thirty (30) days from the date of this entry in which to submit their authorities in response to Plaintiffs' Proposed Distribution of Common Fund and Petition for Attorney's Fees and Expenses. Plaintiffs are given fifteen (15) days following defendants' submissions to reply and to present supplemental attorney's fees documentation and/or argument.

### CONCLUSION

Having considered the parties' motions to amend, the Court grants the United States' motion and denies Marion County's, Mowery's, and Plaintiffs' motions.

It is so ORDERED.

### AMENDED JUDGMENT

In accord with the Court's entry of this date, the Court amends its judgment of November 4, 1993, as follows:

Judgment is entered in favor of Plaintiffs and against defendant Marion County in this cause of action. Marion County is ordered to pay as damages to Plaintiffs the interest that has accrued on the Plaintiffs' principal since August 15, 1991, the initial date of Plaintiffs' lawsuit in accordance with a schedule and formula devised by Plaintiffs' counsel and approved hereafter by the court.

---

1. Even if the Court agreed *arguendo* that functionally, the clerk of the county is not a state official and is therefore not entitled to Eleventh Amendment immunity, we find that the suit against Mowery in her official capacity is in reality a suit against the county, the ultimate possessor of the interest. Thus, by granting plaintiff's motion for summary judgment against the county, the court has given plaintiffs the relief they sought in suing Mowery in her official capacity. The court finds no reason to reconsider its analysis regarding Mowery's liability in her individual capacity. Accordingly, even were the court to concede that a county clerk is not a state official, the outcome of this dispute would be the same.

**136**

Judgment is entered against defendant Mowery with regard to prospective injunctive relief only and defendant Mowery is ordered to pay all interest that is and will be in her possession to Plaintiffs commencing from the date of the Court's previous entry, November 4, 1993. With regard to Plaintiffs' suit for damages against Mowery in her official and individual capacities, judgment is entered in favor of defendant Mowery. Defendant Mowery is not liable for funds that were transferred to the Marion County General Fund but is liable for any remaining funds in her possession since August 15, 1991. Plaintiffs' suit against the United States is dismissed without prejudice. Plaintiffs are entitled to reasonable attorneys' fees on the claims on which they were "prevailing parties" to be determined after briefing in accord with the schedule given in this entry.