Gerald E. **CRAMPTON** Petitioner,

v.

**UNITED STATES of America,
Respondent.**

No. 1:95 cv 165.

United States District Court,
N.D. Indiana,
Hammond Division.

Sept. 26, 1995.

Gerald E. Crampton, Fort Wayne, Indiana, pro se.

Gerald H. Parshall, Jr., U.S. Dept. of Justice, Washington, DC, for respondent.

### ORDER

MOODY, District Judge.

The United States' unopposed motion to accept pleading instanter is **GRANTED.**

The pleading now accepted, which the clerk shall immediately file, is a document captioned simply "United States' Motion to Dismiss." Nowhere in the motion does the United States attempt to pigeonhole the requested relief under one of the subdivisions of FED.R.CIV.P. 12(b). Proper categorization of the motion is not simply a matter of pedantic interest, because the motion asks the court to consider matters outside the petitioner's "complaint." [1]

If the motion comes under RULE 12(b)(6), this requires treating it as a motion for summary judgment, and giving notice of the conversion to the petitioner. FED.R.CIV.P. 12(b); *Beam v. IPCO Corp.,* 838 F.2d 242, 245 (7th Cir.1988); *Farries v. Stanadyne/Chicago Division,* 832 F.2d 374, 377–78 (7th Cir.1987). Moreover, because petitioner is proceeding

pro se, treating the motion as one for summary judgment would require giving petitioner the additional notice contemplated by *Lewis v. Faulkner,* 689 F.2d 100 (7th Cir. 1982); *Timms v. Frank,* 953 F.2d 281, 285 (7th Cir.1992) (extending *Faulkner* notice obligation to all *pro se* litigants). If the court does not convert the motion, and it remains a RULE 12(b)(6) motion, *Faulkner* notice is not required. *Curtis v. Bembenek,* 48 F.3d 281, 287–88 (7th Cir.1995).

The court views the United States' motion as one made under RULE 12(b)(1), however, because the United States' brief in support argues that petitioner's filing is untimely, depriving the court of subject matter jurisdiction. See *Williams v. United States,* 83–2 U.S. Tax Cas. (CCH) 9617 (S.D.Ind. 1983). The question this presents is whether a RULE 12(b)(1) motion more closely resembles a motion for summary judgment, and requires *Faulkner* notice, or a RULE 12(b)(6) motion, and does not.

It is clear that considering evidentiary materials outside the pleadings does not require a RULE 12(b)(1) motion to be treated as a motion for summary judgment. *English v. Cowell,* 10 F.3d 434, 437 (7th Cir.1993); *Crawford v. United States,* 796 F.2d 924, 928 (7th Cir.1986). Thus, no notice of conversion, as required by *Beam* and *Farries,* need be given to the petitioner. Does this also suggest that, as with a RULE 12(b)(6) motion, no *Faulkner* notice need be given?

The rationale for not requiring *Faulkner* notice along with a RULE 12(b)(6) motion is that the non-movant may, unlike when faced with a motion for summary judgment,[2] withstand dismissal by resting on the allegations of his or her complaint. *Bembenek,* 48 F.3d at 287. The same is not true of a motion under RULE 12(b)(1), however. A RULE 12(b)(1) motion typically requires the nonmoving party to resolve, whether through affidavits or other relevant evidence, the factual dispute regarding the court's subject

---

1. This case involves a petition filed pursuant to 26 U.S.C § 7609(b)(2)(A) to quash a third-party summons, as opposed to a civil complaint. This distinction makes no difference to the concerns addressed in this order.

2. Assuming that the facts established by the movant show that the movant is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c).

matter jurisdiction. *Kontos v. United States Dep't of Labor*, 826 F.2d 573, 576 (7th Cir. 1987). *See also Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir.1979) ("In cases where the jurisdiction of the court is challenged as a factual matter, the party invoking jurisdiction has the burden of supporting the allegations of jurisdictional facts by competent proof.") (Citations omitted). Thus, the nonmoving party must be "afforded an opportunity to present contradicting affidavits or materials in order to cure a jurisdictional or party defect not capable of being resolved on the words of the complaint." *English*, 10 F.3d at 437.

This requirement—that the court afford the nonmovant an opportunity to respond to the motion with affidavits or other materials—is identical to that imposed on the court when treating a RULE 12(b)(6) motion as one for summary judgment. "[A]ll parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." FED.R.CIV.P. 12(b). Because a litigant who lacks knowledge of the consequences of not responding to a summary judgment motion does not have a *reasonable* opportunity to respond, the *Faulkner* court reasoned that RULE 12(b) explicitly and RULE 56 implicitly require that *pro se* prisoners be given notice of those consequences. *Faulkner*, 689 F.2d at 102.

■ The same considerations inhere with respect to a motion under RULE 12(b)(1): it is too much to expect of a *pro se* litigant that he or she will know that the failure to "present contradicting affidavits or materials … to cure a jurisdictional or party defect," *English*, 10 F.3d at 437, will in all likelihood lead to dismissal of his or her action. Accordingly, this court concludes that *pro se* litigants must be given a notice, similar to that described in *Faulkner*, of the probable consequences of failure to respond to a RULE 12(b)(1) motion, when the motion uses affidavits or other evidence to attack the jurisdictional facts alleged in the complaint.

In this case the court will, in a separate document, provide the following notice to the petitioner:

NOTICE: The defendant has moved to dismiss your petition pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1), a copy of which is attached. The defendant believes that the court does not have jurisdiction over your action. In support of the motion, the defendant has submitted documentary evidence which indicates that the Internal Revenue Service mailed to you on April 21, 1995, notice of a summons.

You have twenty days from the clerk's filing date stamped above to file a response to defendant's motion. If your response does not include an affidavit or other documentary evidence contradicting the defendant's evidence, then the court will presume that the defendant's evidence is true, and may dismiss your action without further hearing or trial.

In future cases where defendants move for dismissal of a *pro se* litigant's case pursuant to RULE 12(b)(1), the court trusts that counsel for the moving party will provide a similar notice with the motion, relieving the court of this burden. *Cf. Faulkner*, 689 F.2d at 102–03.

**SO ORDERED.**

### *NOTICE*

The defendant has moved to dismiss your petition pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1), a copy of which is attached. The defendant believes that the court does not have jurisdiction over your action. In support of the motion, the defendant has submitted documentary evidence which indicates that the Internal Revenue Service mailed to you on April 21, 1995, notice of a summons.

You have twenty days from the clerk's filing date stamped above to file a response to defendant's motion. If your response does not include an affidavit or other documentary evidence contradicting the defendant's evidence, then the court will presume that the defendant's evidence is true, and may dismiss your action without further hearing or trial.

**Rule 12. Defenses and Objections—When and How Presented—By Pleading or Motion—Motion for Judgment on the Pleadings**

(a) WHEN PRESENTED.

(1) Unless a different time is prescribed in a statute of the United States, a defendant shall serve an answer

(A) within 20 days after being served with the summons and complaint, or

(B) if service of the summons has been timely waived on request under Rule 4(d), within 60 days after the date when the request for waiver was sent, or within 90 days after that date if the defendant was addressed outside any judicial district of the United States.

(2) A party served with a pleading stating a cross-claim against that party shall serve an answer thereto within 20 days after being served. The plaintiff shall serve a reply to a counterclaim in the answer within 20 days after service of the answer, or, if a reply is ordered by the court, within 20 days after service of the order, unless the order otherwise directs.

(3) The United States or an officer or agency thereof shall serve an answer to the complaint or to a cross-claim, or a reply to a counterclaim, within 60 days after the service upon the United States attorney of the pleading in which the claim is asserted.

(4) Unless a different time is fixed by court order, the service of a motion permitted under this rule alters these periods of time as follows:

(A) if the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleading shall be served within 10 days after notice of the court's action; or

(B) if the court grants a motion for a more definite statement, the responsive pleading shall be served within 10 days after the service of the more definite statement.

(b) HOW PRESENTED. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, the adverse party may assert at the trial any defense in law or fact to that

claim for relief. If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

(c) MOTION FOR JUDGMENT ON THE PLEADINGS. After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

(d) PRELIMINARY HEARINGS. The defenses specifically enumerated (1)–(7) in subdivision (b) of this rule, whether made in a pleading or by motion, and the motion for judgment mentioned in subdivision (c) of this rule shall be heard and determined before trial on application of any party, unless the court orders that the hearing and determination thereof be deferred until the trial.

(e) MOTION FOR MORE DEFINITE STATEMENT. If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

(f) MOTION TO STRIKE. Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

(g) CONSOLIDATION OF DEFENSES IN MOTION. A party who makes a motion under this rule may join with it any other motions herein provided for and then available to the party. If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated.

(h) WAIVER OR PRESERVATION OF CERTAIN DEFENSES.

(1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of proc-