**Bennie CUNNINGHAM,
Plaintiff–Appellant,**

v.

**Odie WASHINGTON, et al.,
Defendants–Appellees.**

**No. 00–1902.**

United States Court of Appeals,
Seventh Circuit.

Submitted July 23, 2001 *.

Decided Aug. 15, 2001.

▮▮▮▮

* After an examination of the briefs and the record, we have concluded that oral argu-

ment is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before Hon. BAUER, Hon. COFFEY,
Hon. WILLIAMS, Circuit Judges.

## ORDER

Bennie Cunningham filed this suit under 42 U.S.C. § 1983 alleging violations of the First, Eighth, and Fourteenth Amendments and state law by a number of Illinois prison officials. In a series of orders, the district court dismissed all of Cunningham's claims except for one First Amendment claim. That claim went to trial, but after Cunningham refused to proceed when he was denied a continuance at the beginning of trial, the district court dismissed his case. Cunningham appeals all of the district court's rulings and we affirm.

In September 1996 Cunningham was transferred from Pontiac Correctional Center to the segregation unit at Big Muddy River Correctional Center in Ina, Illinois. Cunningham surmises that, soon thereafter, then-warden Jack Hartwig and three former Illinois Department of Corrections (IDOC) administrators selected him for a "behavior modification experiment" during which Hartwig and guards Joseph Campanella and Randy Bayler denied him access to his personal property including legal papers and withheld hygiene products, heat for his cell, and winter clothing. According to Cunningham, Campanella and Bayler also denied him access to his religious materials.

Cunningham filed a number of grievances about his confinement. In September 1996 he exhausted his administrative remedies regarding his lack of access to his personal property, religious materials, and the courts. In December 1996 Cunningham filed a grievance and wrote Hartwig about the lack of heat and winter clothing. When prison officials responded that the heating system was being fixed, Cunningham did not pursue the grievance any further. Finally, in March 1997 Cunningham filed a grievance complaining generally about his noisy and violent surroundings and, once again, his lack of access to personal property. The defendants do not dispute that Cunningham was transferred to a prison in Rhode Island before he received a response to this last grievance. According to Cunningham, Hartwig, Campanella, and Bayler, confiscated some of his legal materials and personal property during his transfer.

In May 1997 Cunningham filed this suit raising five claims. First, Cunningham claimed that the confiscation of legal papers and transfer to Rhode Island interfered with his First Amendment right of access to the courts. Second, Cunningham asserted that his transfer to Rhode Island was prompted by his grievances and lawsuits over prison conditions and thus violated his due process and equal protection rights. Third, Cunningham alleged that the deprivation of his property violated his due process rights, state law, and IDOC regulations. Fourth, Cunningham alleged that his First Amendment right to free exercise of religion was violated when officials denied him access to the Koran and other religious materials. Finally, Cunningham claimed he was subjected to unconstitutional conditions of confinement due to the lack of heat in his cell, the denial of hygiene products and winter clothing, and the noisy and violent conditions in the prison.

In June 1998 the district court dismissed three of Cunningham's claims under Federal Rule of Civil Procedure 12(b)(6). The court held that Cunningham's access to the courts claim failed because he did not allege that any legal claim had been prejudiced. Cunningham's claim regarding his

transfer to Rhode Island was dismissed with the explanation that he had no due process interest in avoiding transfers and did not allege discrimination based on membership in any class. And the court dismissed Cunningham's deprivation-of-property claim because Illinois provides an adequate post-deprivation remedy. Later, in January 2000, the district court dismissed Cunningham's claim about the conditions of his confinement because it had never been fully exhausted.

That left only Cunningham's free exercise claim, for which the district court appointed counsel to represent Cunningham at trial. But, on the morning the trial began, Cunningham filed a motion for substitution of counsel, arguing that his counsel had done a poor job in preparing. The district court refused to appoint substitute counsel but did grant Cunningham's oral motion to discharge the lawyer he already had. When the district court subsequently denied Cunningham's motion for a continuance, Cunningham refused to proceed and the district court dismissed his case.

■ On appeal Cunningham first challenges the dismissal of his access-to-the-courts claim. A prisoner states a claim when he alleges that the defendants hindered his access to the courts. *See Walters v. Edgar*, 163 F.3d 430, 434 (7th Cir. 1998); *Nance v. Vieregge*, 147 F.3d 589, 591 (7th Cir.1998). The district court, however, properly dismissed this claim because Cunningham pleaded himself out of court. Cunningham identifies two sets of filings that he claims were hindered by the defendants. First, he asserts that his transfer to Rhode Island prevented him from pursuing a claim in the Illinois Court of Claims regarding the confiscation of his property. The right to access to the courts, however, applies only to habeas corpus and civil rights filings. *See Lewis v. Casey*, 518 U.S. 343, 355, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Second, Cunning-

ham claims that his transfer hindered his efforts to exhaust his administrative remedies with regards to claims raised in this suit. This is a novel claim. Administrative grievances are not lawsuits but, under the PLRA, *see* 42 U.S.C. § 1997e, are prerequisites to filing federal lawsuits challenging prison conditions. Therefore, Cunningham must be arguing that inmates can state an access-to-the-courts claim based on an obstruction to filing administrative grievances. We need not decide the issue, however, because the only grievance that Cunningham was unable to exhaust because of his transfer was his March 1997 grievance about the noisy and violent conditions in the prison. Cunningham does not attribute those conditions to acts or omissions of any of the defendants and therefore those claims are not at issue in this suit.

■ Cunningham next challenges the district court's dismissal of his claims regarding his transfer to Rhode Island. A prisoner has no liberty interest in avoiding a transfer to another prison, *see Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir.1999), but a prisoner can state a claim under § 1983 if such transfer was in retaliation for a prisoner exercising his right to file grievances and lawsuits, *see Babcock v. White*, 102 F.3d 267, 275 (7th Cir.1996); *Higgason v. Farley*, 83 F.3d 807, 810 (7th Cir.1996). In order to state a claim for retaliation, a prisoner must "set forth a chronology of events from which retaliation may plausibly be inferred." *See Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir.2000).

In dismissing Cunningham's transfer claim, the district court failed to consider his allegation that the transfer was in retaliation for filing grievances and lawsuits about prison conditions. Despite this error, dismissal of this claim was proper because, once again, Cunningham has

pleaded himself out of court. In his March 1997 grievance (which is attached to Cunningham's complaint and thus deemed incorporated into it, *see International Mktg., Ltd. v. Archer–Daniels–Midland Co.,* 192 F.3d 724, 729 (7th Cir.1999)), Cunningham requested transfer "to another prison facility," a request that belies any allegation that such transfer was retaliatory.

■ The district court also properly dismissed Cunningham's claims that he was deprived of personal property during his time at Big Muddy and at the time of his transfer. Illinois allows inmates to challenge deprivations of property through a tort claim filed in the Illinois Court of Claims. *See* 705 ILCS 505/8. This is an adequate post-deprivation remedy and therefore Cunningham is not entitled to damages under § 1983. *See Hudson v. Palmer,* 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Stewart v. McGinnis,* 5 F.3d 1031, 1035–36 (7th Cir.1993).

■ As for Cunningham's conditions-of-confinement claim, we agree that Cunningham failed to exhaust his administrative remedies. Cunningham argues that he should be excused from the exhaustion requirement because his transfer to Rhode Island made exhaustion of his March 1997 grievance impossible. We need not decide whether an out-of-state transfer would excuse the exhaustion requirement, though the holding of *Perez,* 182 F.3d at 535–37, suggests it would not. As noted above Cunningham's March 1997 grievance is irrelevant to this suit because the prison conditions raised in it are not attributed to any named defendant. The only conditions attributed to named defendants are the lack of heat and denial of hygiene products and winter clothing allegedly caused by Hartwig, Campanella, and Bayler. Cunningham filed no grievances over the hygiene products and failed to appeal the responses to his December 1996 grievances about the lack of heat and winter

clothing. Cunningham's conditions of confinement claim, therefore, was properly dismissed. *See Perez,* 182 F.3d at 538.

■ Cunningham also argues that the district court was required to inform him of the defects in his complaint and provide him an opportunity to amend the complaint before dismissing it. That rule, however, applies to cases where the district court wants to dismiss the complaint sua sponte. *See English v. Cowell,* 10 F.3d 434, 437 (7th Cir.1993). The district court dismissed Cunningham's complaint upon the motion of the defendants and therefore the court was only required to allow Cunningham to respond to the motion, which it did. *See id.*

■ Finally, Cunningham challenges the district court's dismissal of his First Amendment free exercise claim at the beginning of trial. Cunningham argues that the district court should have granted his motion for substitution of counsel or allowed him a continuance because he was unprepared to try the case after his counsel was discharged. We find, however, that the district court did not abuse its discretion in dismissing Cunningham's case. *See Moffitt v. Illinois State Bd. of Educ.,* 236 F.3d 868, 872–73 (7th Cir.2000). Dismissal of a case is appropriate when a plaintiff is inexcusably unprepared or unwilling to proceed on the date scheduled for trial. *See id.* at 873; *Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359, 364 (6th Cir.1999). In this case, Cunningham refused to proceed after a jury was impaneled and a witness had been called. Furthermore, the district court's refusal to grant substitute counsel to Cunningham in no way excuses his unwillingness to proceed because Cunningham willingly discharged his counsel in an attempt to get counsel of his choice, something he is not entitled to. *Cf. Zarnes v. Rhodes,* 64 F.3d 285, 288 (7th Cir.1995).

For the foregoing reasons, we AFFIRM the judgment of the district court in all respects.