**CENTRAL MFG. CO., et al.**

v.

**PURE FISHING INC., et al.**

No. 05 C 725.

United States District Court,
N.D. Illinois.

Sept. 27, 2005.

Timothy C. Meece, Banner & Witcoff, Ltd., Chicago, IL, for Pure Fishing, Inc.

Lance Johnson, Roylance, Abrams, Berdo & Goodman, LLP.

LINDBERG, District Judge.

Defendants' motion to dismiss [54] is granted.

## STATEMENT

Before the Court is defendants' motion to dismiss the complaint. For the following reasons, defendants' motion is granted.

Defendants have moved to dismiss plaintiff Central Manufacturing Company's ("Central Mfg. Co.") claims in their entirety, arguing that Central Mfg. Co. does not have the capacity to assert a claim within any Illinois court, state and federal, because Central Mfg. Co. has not registered with the State of Illinois to do business as a foreign corporation as required by 805 ILCS 5/13.70. Plaintiff Central Mfg. Co. concedes that it has not registered with the State of Illinois as required by 805 ILCS 5/13.70. However, Central Mfg. Co. argues that it does have the capacity to maintain the instant lawsuit because it is a d/b/a of Central Manufacturing Inc. ("Central Mfg. Inc."), which registered with the State of Illinois as a foreign corporation as required by 805 ILCS 5/13.70 on July 11, 2005.

Central Mfg. Inc. is not a party in this case. Accordingly, the fact that it has

complied with 805 ILCS 5/13.70 is immaterial. The fact remains that plaintiff Central Mfg. Co. has not registered with the State of Illinois as a foreign corporation and thus does not have the capacity to maintain the instant lawsuit. See F.R.C.P. 17(b); 805 ILCS 5/13.70. Accordingly, each of Central Mfg. Co.'s claims in the Amended Complaint is dismissed without prejudice.

■ Defendants have also moved to dismiss plaintiff Lindy–Little Joe's ("LLJ") claims in Counts I and III of the Amended Complaint, arguing that as a mere licensee of the Stealth trademark at issue in this case, LLJ does not own any rights to the mark and thus does not have standing to maintain any claims arising under the Lanham Act (the "Act"), 15 U.S.C. § 1501, *et seq.* Standing is a jurisdictional issue. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990). Accordingly, facts outside of the complaint may be considered and the Court may resolve factual disputes. *English v. Cowell*, 10 F.3d 434, 437 (7th Cir. 1993).

■ Section 32 of the Act, 15 U.S.C. § 1114(1), grants the registrant of a trademark standing to assert an infringement claim. "Registrants" are defined as "legal representatives, predecessors, successors and assigns." *Id.* at § 1127. Licensees, even those with the exclusive right to use a trademark, do not have standing to sue a licensor under the Act. *Gruen Mktg. Corp. v. Benrus Watch Co.*, 955 F.Supp. 979, 983 (N.D.Ill.1997). LLJ concedes that Central Mfg. Co. has the sole right to bring suit under the Act and does not dispute that LLJ is a licensee as opposed to an assignee of the Stealth trademark. Instead, without citation to supporting facts or law, LLJ asserts that it has standing to bring the trademark claims in Counts I and III of the Amended Complaint because Central Mfg. Co. has granted it the right to join in this suit.

This argument is wholly unpersuasive. First, LLJ has failed to provide the Court with any evidence that Central Mfg. Co. has granted it the right to join in this suit. Second, and more importantly, LLJ has failed to cite a single case in support of its theory that Central Mfg. Co. has the power or authority to provide LLJ with standing in this case. In fact, *Ultrapure Systems, Inc. v. Ham-Let Group*, the only case cited by LLJ, actually support's defendants' position. 921 F.Supp. 659 (N.D.Cal.1996) The Court in *Ultrapure* reiterated that in cases such as this, a licensee lacks standing to bring a claim under the Act when provisions in the licensing agreement indicate that the licensor retains exclusive ownership of the mark. *Id.* at 665. There is no question that Central Mfg. Co. has retained exclusive ownership of the Stealth mark. Accordingly, plaintiff LLJ's trademark claims in Counts I and II of the Amended Complaint are dismissed.