UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 4, 2006[*]
Decided January 5, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 05-1957

| | |
|---|---|
| ERIC SANDERS, <br>     *Plaintiff-Appellant*, <br><br> *v.* <br><br> SUSAN COLLINS, <br>     *Defendant-Appellee*. | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division <br><br> No. 3:02-CV-0415 RM <br><br> Robert L. Miller, Jr., <br> *Chief Judge*. |

**O R D E R**

Eric Sanders brought this action under 42 U.S.C. § 1983 claiming that Susan Collins, an Indiana deputy prosecutor, provoked county jailers to violate his constitutional rights while he was being held as a pretrial detainee. The district court on the eve of trial dismissed the suit *sua sponte* after affording Sanders an opportunity to object; Sanders appeals the dismissal and we affirm.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

In February 2001, Sanders was charged with murder in Lake County, Indiana, and ordered detained in the county jail pending trial. While there, he repeatedly telephoned two of the state's witnesses, prompting prosecutors to obtain a no-contact order from the Indiana court assigned to the case. Sanders promptly violated the order, so Collins admittedly asked a jail warden to prevent him from making further calls to the two witnesses. The warden instead placed Sanders in "isolation lock-down" for almost a year, which, according to Sanders, subjected him to "extreme and excessive punitive confinement." Sanders was later convicted of the charged murder and is now in state prison serving a 65-year sentence.

In his complaint Sanders alleged that Collins did more than ask for a phone restriction and in fact was behind the transfer to segregation. (Sanders also blamed jail employees for the move, but after filing this suit he settled with the other defendants who were not dismissed at initial screening, *see* 28 U.S.C. § 1915A; only the claim against Collins is before us.) Collins answered the complaint and moved for judgment on the pleadings, which the district court denied. Both Sanders and Collins then moved for summary judgment, which the court also denied. Undeterred, Collins sought leave to submit a second motion for summary judgment, and when the district court refused, she sought reconsideration of that ruling to no avail. Sanders and Collins thus headed for trial, and both sides announced they were ready.

Four days before trial, however, the district court concluded while preparing jury instructions that Sanders had no case because he did not contend, nor could he prove, that Collins did anything other than ask the warden to enforce the no-contact order by preventing Sanders from calling the two witnesses who were off limits. The court, explaining that previously it "did not glean" this shortcoming from Collins's motions, reasoned that Sanders had no right to contact those witnesses in light of the no-contact order, and that Sanders had no evidence that Collins "intended or expected the lockdown" that followed her conversation with the warden. Nonetheless, the district court, recognizing that its "understanding of the record may be in error," scheduled a telephonic hearing to allow Sanders "to explain any misunderstanding the court may have and tell the court what evidence he intended to present at trial to prove his claim." During that hearing, Sanders confirmed the court's suspicion by stating he intended to argue that Collins violated his due process rights when she asked the warden to enforce the no-contact order by restricting his telephone access without first allowing him the opportunity to deny violating the order. The district court then dismissed the suit, reasoning that Sanders could not prove a constitutional violation because he lacked evidence that Collins was involved in the decision to place him in segregation.

On appeal, Sanders principally argues that the district court erred by failing to give him "notice and an opportunity to respond" before dismissing on the ground

that his claim against Collins could not succeed. That contention is untenable; even if the court's action can be construed as a *sua sponte* grant of summary judgment that required notice and an opportunity for Sanders to respond, *see Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005); *English v. Cowell*, 10 F.3d 434, 437 (7th Cir.1993), Sanders got both. Indeed the better characterization of the court's action is that it reconsidered the earlier denial of Collins's motion for summary judgment, so Sanders cannot possibly have been caught off guard when the court called upon him to disclose the evidence he would use to prove that Collins participated in the decision to send him to segregation.

All that remains, then, is Sanders's observation that during the telephonic hearing he told the district court he received a letter from Collins in which she admitted having "requested the Lake County Jail Warden to place him in the lockdown section." Sanders was not under oath when he disclosed the existence of this purported letter, and he did not elaborate on when or why Collins sent it. Neither had he alluded to it previously, not in his lengthy complaint or his own motion for summary judgment, not in his response to Collins's motion for summary judgment, and certainly not in the final pretrial order the parties prepared and the court approved two months before. Sanders, in fact, claimed that he no longer had the letter and could not obtain it, and although secondary evidence may be admissible to prove the contents of a writing that is lost or destroyed, *see* Fed. R. Evid. 1004, the proponent must first establish that the writing truly cannot be produced, *see United States v. McGaughey*, 977 F.2d 1067, 1071 (7th Cir. 1992).

In this case, when the district court asked if Sanders had the letter, he simply responded that "everything was taken" while he was at the Lake County Jail. He did not assert that he tried to recover the letter or his other property, nor did he maintain that he requested a copy or even asked Collins about the letter during discovery. Sanders thus failed to offer any evidentiary support for his allegation about the letter that could overcome a renewed motion for summary judgment. *See Salvadori v. Franklin Sch. Dist.*, 293 F.3d 989, 996 (7th Cir. 2002) ("The mere existence of an alleged factual dispute is not sufficient to defeat a summary judgment motion. To successfully oppose the motion, the nonmovant must present definite, competent evidence in rebuttal."). Nor did he request additional time to procure the necessary evidence, *see* Fed. R. Civ. P. 56(f), and even now he does not explain what further steps he would have taken had the court given him additional time. By the time of the telephonic hearing, his case was more than two-and-a-half years old, and discovery had been closed for over a year. We cannot conclude, then, that the district court abused its discretion by ruling on the record as it stood when Sanders previously announced he was ready for trial.

Accordingly, the judgment of the district court is AFFIRMED.