**Forrest Gene ENGLISH, et al., Plaintiffs,**

v.

**William J. COWELL, et al., Defendants.**

**No. 84–3299.**

United States District Court, C.D. Illinois, Springfield Division.

June 9, 1987.

See also D.C., 117 F.R.D. 132.

Forrest Gene English, pro se.

Michael O'Hara, Springfield, Ill., for defendants.

## ORDER

MILLS, District Judge:

This case is before the Court on Defendants' renewed motion to dismiss and/or motion for summary judgment.

On October 24, 1985, the United States Magistrate recommended that the motion for summary judgment be denied. Defendants had argued *inter alia* that Plaintiff's claims brought under the Labor-Management Reporting & Disclosure Act (LMRDA) were time barred by the applicable statute of limitations. Plaintiff's complaints were based on the union members' bill of rights provision of LMRDA. 29 U.S.C. §§ 411, 412 (1982). In recommending Defendants' motions be denied, the Magistrate found that the Illinois five-year "catch all" statute of limitations for statutory actions applied to the actions stated under the bill of rights provisions of LMRDA. Using the five-year limitations period, Plaintiff's claims were not time barred and therefore summary judgment was not proper.

Because the LMRDA contains no statute of limitations, the Court had to determine what analogous statute of limitations would apply. The parties, and hence the Court, had framed the issue as one of deciding between differing statute of limitations emanating from state law. The Magistrate then recommended that the five-year catch all limitations period was appropriate rather than the two-year period used in personal injury actions. This Court subsequently adopted the recommendation of the Magistrate.

The Defendants now ask us to reconsider our decision in light of the Supreme Court's ruling in *Del Costello v. Internat'l Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), and subsequent cases interpreting the import of that decision. *Del Costello* teaches us that

in some situations it may be appropriate to borrow a federal statute of limitations rather than limiting the choice to state law limitations periods. In reexamining the recommendation of the Magistrate, which this Court adopted, it is clear that the issue of whether we should borrow a federal limitations period was not addressed. In the face of the developments of the case law after *Del Costello*, we accept Defendants' invitation to reconsider our decision and find that some of Plaintiff's claims are time barred when applying the correct *federal* statute of limitations.

### Facts and Procedural History

This case involves a longstanding feud between a former union member and the local he once belonged to. Plaintiff has filed numerous lawsuits, some dating back to at least 1978, against these Defendants. A number of the lawsuits have been dismissed, some are on appeal, and those that remain are now filed under a consolidated complaint.

The counts of the amended complaint subject to this order concern alleged violations of Plaintiff's rights as a union member guaranteed by 29 U.S.C. § 411. In the cause originally docketed as 79–3022, the complaint alleges that a change in meetings in December 1976 violated Plaintiff's right to attend meetings established by § 411(a)(1). This complaint also alleges that a dues increase occurring in 1977 was approved in violation of § 411(a)(3)(A). Finally, the complaint alleges an additional free speech violation occurring in May 1978. This complaint was originally filed January 31, 1979. Docket Number 84–3299 was filed July 18, 1984, and addressed an alleged violation of § 411(a)(5). The date of Plaintiff's termination from the union which is alleged to violate § 411(a)(5) occurred on December 27, 1983. If we borrow the federal statute of limitations found in § 10(b) of the National Labor Relations Act (NLRA), the claims detailed above are time barred. 29 U.S.C. § 160(b). This is the question we now consider.

### Law and Analysis

When Congress fails to include a limitations period within a federal statute, a question arises concerning the borrowing of a limitations period from another source of law. The Supreme Court has announced the general rule that when Congress fails to speak, the federal court will borrow the most analogous state law statute of limitations. *Del Costello v. Internat'l Brotherhood of Teamsters*, 462 U.S. 151, 158, 103 S.Ct. 2281, 2287, 76 L.Ed.2d 476 (1983). However, this general rule is subject to exceptions. *Del Costello* created an exception. *Del Costello* applied § 10(b) of the NLRA to claims brought by an employee under a hybrid section 301/fair representation claim brought under the LMRA for the breach of a duty of fair representation by the employer and the union. The Court reasoned that application of a state statute of limitations would not properly balance the interests at stake in the federal law. The Court then found that the six-month statute of limitations borrowed from another portion of federal labor law would accommodate those interests, particularly when considering the "family resemblance" between the claims. *Del Costello, supra* at 169–70, 103 S.Ct. at 2293.

The Court, however, emphasized that this holding was not to be taken as rejection of the general rule nor was it a signal that § 10(b) of the NLRA was to govern in all cases arising under any branch of federal labor law. *Id.* at 171–72, 103 S.Ct. at 2294. Thus, the Court left open the question we decide today. That question is whether the six-month limitations period of § 10(b) of the NLRA is applicable to actions brought under Title I of the LMRDA or more specifically to the union member bill of rights provisions of LMRDA. 28 U.S.C. §§ 411, 412.

Although the Supreme Court did not answer the question, we are not left without guidance. In *Vallone v. Local Union No. 705*, 755 F.2d 520, 521–22 (7th Cir.1984), the Seventh Circuit Court of Appeals held that the *Del Costello* rationale applied to a suit brought under Title I of LMRDA. *Vallone*

involved a claim brought under the free speech provision of the LMRDA.

Other courts have reached the same result. In *Local No. 1397 v. United Steelworkers,* 748 F.2d 180, 183, the Third Circuit relied on the "family resemblance" language from *Del Costello* and found that the provisions of the NLRA and Title I of LMRDA addressed the same basic concern—protection of individuals from arbitrary action of unions. *Id.* at 183. Hence, in the absence of a closer analogy in state law, the federal provision applied.

Likewise, *Davis v. United Automobile, Aerospace & Agriculture Implement Workers of America,* 765 F.2d 1510 (11th Cir.1985), *cert. denied,* 475 U.S. 1057, 106 S.Ct. 1284, 89 L.Ed.2d 592 (1986), applied the six-month statute of limitations of § 10(b) to a claim brought under the LMRDA by a union member who alleged that he was expelled from the union for exercising his statutory free speech right. Although *Davis* did not find the link to be as strong as the *Local No. 1397* court did, they nevertheless reached the same result.

One circuit has reached a different result, although we find the case to be distinguishable. In *Doty v. Sewall,* 784 F.2d 1 (1st Cir.1986), the First Circuit disagreed with the reasoning and results of the cases cited above. In *Doty,* the Court found that a claim brought under the bill of rights provisions of the LMRDA was more analogous to a civil rights claim and thus applied the statute of limitations provided under the Massachusetts State Civil Rights Act.

Here, if any Illinois limitations period were to apply, it would be the five-year catch all provision for statutory actions. Ill.Rev.Stat. ch. 110, ¶ 13–205 (1985). Thus, no close analogy in state law exists, which was not the case in *Doty.* Thus, arguably *Doty* is distinguishable because of the existence of a close analogy in state law absent in the other cases.

Even if this fact does not reconcile these cases, we are nevertheless bound to follow the Seventh Circuit view and thus apply the federal statute of limitations. Accordingly, Plaintiff's complaint originally captioned 79–3022, filed January 31, 1979, for viola-

tions occurring in December 1976 and May 1978 are time barred under the six-month limitations period of § 10(b). Claims brought under Docket No. 84–3299 filed on July 18, 1984, alleging statutory violations for a termination which took place on December 27, 1983, are likewise time barred.

### Conclusion

*Ergo,* claims brought under Docket No. 79–3022 are DISMISSED. Claims brought under Docket No. 84–3299 are DISMISSED.

The claims which still must be tried are those brought under the original Docket No. 78–3116.