**Forrest G. ENGLISH, Plaintiff,**

v.

**William J. COWELL, et al., Defendants.**

No. 84–3299.

United States District Court,
C.D. Illinois,
Springfield Division.

Feb. 1, 1994.

Paul Alan Levy, Public Citizen Litigation Group, Washington, DC, for plaintiff.

Michael O'Hara, Springfield, IL, for defendants.

*OPINION*

RICHARD MILLS, District Judge:

This cause is before the Court upon remand from the U.S. Court of Appeals for the Seventh Circuit for a hearing on the Plaintiff's claims before another judge. *See English v. Cowell,* 10 F.3d 434, 440 (7th Cir. 1993).

However, in order to assist the judge who will receive the case, certain background explanation is appropriate.

This is the fourth time the Plaintiff has been before this Court on this particular case. This case represents the ninth out of ten cases filed by Plaintiff against various officials of Local Union 46 of the International Association of Bridge, Structural, and Ornamental Iron Workers. In late 1983, English was serving a fifteen year sentence in the Logan Correctional Center for a felony conviction for unlawful restraint and sexual molestation of a minor, the latest in a string of criminal offenses committed by the Plaintiff, including arson, obstruction of justice, embezzlement, and carrying a concealed weapon. These facts were not mentioned in the appellate court's previous opinions. At the time English went to prison, he was a member of Local Union 46 of the International Iron Workers Union. On December 19, 1983, the International union sent a letter to Local Union 46 directing the local union to discontinue communications with English and to send to English *"forthwith"* a form letter revoking his union membership. (emphasis added). On December 27, 1983, the local union sent a copy of that letter to English, informing him that due to his recent felony conviction and imprisonment, his membership in the union was "terminated effective immediately." The termination language used was identical to that contained in the form letter supplied by the International union.

On July 18, 1984, English initiated the present lawsuit, claiming that his union membership had been revoked without due process, in violation of 29 U.S.C. § 411(a)(5). That statute provides that a member of a labor organization may not be "expelled, or otherwise disciplined ... by such organization ... unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing." English had originally named the International union as a defendant, but on August 1, 1986, this Court dismissed the International union as a party for English's failure to make timely service of process upon the International union, as required by Fed.R.Civ.P. 4(j). English did not appeal this dismissal.

Art. II, section 2 of the International union's constitution states that in order to belong to the union, a member must be "of good moral character." Section 4 then states "Local Unions are required to enforce this section to the letter, [and] ... failure to do so will suspend all benefits of such Local and its members ... and continuous ... neglect of such enforcement will forfeit charter of such Local." Art. XIX, section 14 also provides that "All members ... who are not working ... must take out a withdrawal card or be expelled from the Association." Although English did not apply for a withdrawal card, it appears that the International union directed his expulsion from the union due to his bad moral character and the fact that he could not work while serving a long prison term. English had formerly been an officer of the local union and had been convicted of embezzling union funds and altering the local union's books and records.

On December 18, 1986, this Court issued an order indefinitely staying further discovery in all of English's cases due to his "unduly oppressive and burdensome pattern of discovery tactics." *English v. Cowell,* 117 F.R.D. 132, 136 (C.D.Ill.1986). On June 9, 1987, this Court dismissed Plaintiff's present cause of action under 29 U.S.C. § 411(a)(5) for his failure to file his complaint within a six month statute of limitations period. *English v. Cowell,* 117 F.R.D. 137, 138–39 (C.D.Ill.1987). This holding was affirmed by the Seventh Circuit, but later vacated by the U.S. Supreme Court after the issuance of its opinion in the case of *Reed v. United Transportation Union,* 488 U.S. 319, 326, 109 S.Ct. 621, 626, 102 L.Ed.2d 665 (1989), holding that the statute of limitations applicable to claims under 29 U.S.C. § 411 is the state statutory

period governing personal injury actions, which in this case was two years. *English v. Siddens,* 493 U.S. 801, 110 S.Ct. 37, 107 L.Ed.2d 8 (1989) (one sentence published order vacating judgment in light of *Reed v. United Transportation Union* ).

While the appeal of the dismissal of the present case was pending, this Court on August 27, 1987 *sua sponte* dismissed Plaintiff's tenth—and final—cause of action and indefinitely enjoined Plaintiff "from ever filing another lawsuit—in any federal court, at any time, for any reason" as a sanction for his vexatious conduct in burdening the Defendant and this Court with a multitude of frivolous lawsuits. *English v. Cowell,* 117 F.R.D. 128, 129–32 (C.D.Ill.1987). Following the U.S. Supreme Court's grant of the Plaintiff's petition for *certiorari,* the Court of Appeals remanded to this Court the present cause of action—Plaintiff's only surviving claim out of the ten cases filed in this Court.

Upon remand, this Court entered summary judgment for the Defendants on Plaintiff's claim of termination from the union without due process. *English v. Siddens,* 751 F.Supp. 1343, 1347–50 (C.D.Ill.1990). This Court held that the conduct of the Defendants did not amount to "discipline" under 29 U.S.C. § 411(a)(5), and that even if it were considered discipline, English had received ample due process for his removal for bad moral character, as he had been found guilty beyond a reasonable doubt of unlawfully restraining and sexually assaulting a minor. *Id.* at 1348. Alternatively, we held that Plaintiff was entitled to a dismissal of his due process claim for his "irresponsible conduct" in the case and his disregard of Court ordered sanctions and his unabated filing of frivolous motions. *Id.* at 1349. Thus, this Court terminated Plaintiff's last remaining case.

However, on appeal the appellate court found that the Defendants' termination of the Plaintiff's union membership *was* discipline under 29 U.S.C. § 411(a)(5) and that the union was required to comply with the procedural directives of the statute. *English v. Cowell,* 969 F.2d 465, 470, 471–72 (7th Cir. 1992). The reviewing court also vacated this Court's alternative order of dismissal, finding that there was insufficient evidence in the record to support dismissal as a sanction for the Plaintiff's conduct in this Court. *Id.* at 474. Apparently, the Court of Appeals had not been presented with the entire record of the proceedings in this Court. Nonetheless, the Court of Appeals remanded the case for further findings on two dispositive issues raised by the Defendants on appeal, namely, whether English was properly named as a party to the suit and whether the International union was an indispensable party to the action. *Id.* at 468, n. 6.

The appellate court specifically stated that because the record was unclear as to the actual legal name of the Plaintiff, the reviewing court would leave it "to the district court's sound discretion" on remand to determine whether to dismiss the case under Fed. R.Civ.P. 10(a). *Id.* The Court of Appeals referred this Court to the case of *Doe v. Stegall,* 653 F.2d 180 (5th Cir.1981) for guidance on this issue. As to the claim that the International union was an indispensable party whose absence warranted dismissal of the case under Fed.R.Civ.P. 19(b), the appellate court declined to resolve this issue "absent a more detailed justification." *English v. Cowell,* 969 F.2d at 468, n. 6. Thus, further development of these two dismissal claims was left for remand.

Upon remand of the case, this Court directed the parties to brief the remaining issues, and the parties submitted cross motions for summary judgment/dismissal. Included in the Defendants' materials were new factual submissions concerning the two issues upon which the case had been remanded. Specifically, the Defendants provided a copy of a petition for change of name from the records of the Sangamon County Circuit Court indicating that on April 5, 1974, Plaintiff legally changed his name *from* "Forrest English" *to* "Guy Levine." Thus, the Plaintiff had had a different name from that indicated on the pleadings for over ten years before he filed this action. Additionally, the Defendants provided a copy of the letter sent from the International union to the local union on December 19, 1983, directing the local union to "forthwith" send a copy of an enclosed form letter terminating Plaintiff's

union membership. The letter from the International union also directed the local union to return "a blind carbon copy" of the letter sent to Plaintiff by the local union to the International union office. These materials had not previously been before the Court of Appeals for review.

Fed.R.Civ.P. 10(a), as interpreted by the Fifth Circuit in *Doe v. Stegall,* requires that a plaintiff disclose his true name in the instrument he uses to commence a lawsuit, unless the plaintiff must use a pseudonym for anonymity, such as when the complaint contains "information of the utmost intimacy" or where the plaintiff is compelled to admit his "intention to engage in illegal conduct." 653 F.2d at 185. Because the need for anonymity did not apply to English, this Court held that Plaintiff was required to disclose his legal name pursuant to Rule 10(a), and this Court, therefore, "in its sound discretion" dismissed the case for Plaintiff's omission of his true name from the pleadings.

As an alternative ground for dismissal, we addressed the Defendants' claim that English had failed to timely serve a necessary party to the lawsuit under Fed.R.Civ.P. 19(b). The Defendants had not previously offered any explanation as to why the International union was an indispensable party to the case. However, with the addition of the letter indicating that it was the International union who specifically directed the local union to terminate Plaintiff's membership, this Court determined that the local union was merely performing a ministerial function in expelling Plaintiff from the union and that therefore, Plaintiff's cause of action was properly against the International union as the real party in interest. Based on the case of *Moore v. Ashland Oil, Inc.,* 901 F.2d 1445, 1447–48 (7th Cir.1990), which the Court of Appeals had referred to in its opinion, this Court determined that for the present cause of action to proceed in the absence of the International union would prejudice the remaining parties to the case, and therefore, dismissal was deemed proper under Rule 19(b) for the Plaintiff's failure to serve a necessary and indispensable party. Accordingly, this case was terminated.

Plaintiff did not file a motion for reconsideration of this Court's order. Instead, he immediately filed another appeal with the Seventh Circuit. Once again, in reviewing Plaintiff's case, the Court of Appeals only had a portion of the record existing in this Court. The Court of Appeals held that English should have been provided a fuller opportunity to challenge the Defendants' evidence and to prosecute his claim of termination of union membership without due process. *English v. Cowell,* 10 F.3d 434, 440 (7th Cir.1993). The appellate court held that it was not entirely certain from a review of the record that the local union was performing a ministerial task in expelling English from the union, notwithstanding the directory language of the International union's letter and the local union's conduct in response to that letter. *Id.* at 438–39. The Court of Appeals also stated that English possibly should have been allowed to amend his complaint to include his true name, despite the age of the case and the Plaintiff's intentional use of an incorrect name. *Id.* at 440. Finding that "remand would not amount to a waste of judicial resources," the appellate court remanded the case for reassignment to a different judge. *Id.*

It is unfortunate that on the two prior occasions this case was before the Court of Appeals, that court lacked most of the record of the proceedings before this Court—a record which in this case alone nearly fills an entire file drawer and demonstrates the tremendous waste of judicial resources caused by this Plaintiff. Consequently, the appellate court lacked the pleadings describing the criminal convictions of English and most of the record dealing with the inordinate number of frivolous motions filed by Plaintiff over the course of the last ten years and his willful refusal to comply with various orders of this Court. English was sanctioned in this Court on several occasions for filing pleadings designed for the sole purpose of harassment and delay. It is also unfortunate that a different panel of the Court of Appeals heard the case each of the three times it was presented for appeal. Nonetheless, the Court of Appeals has directed that the case be remanded for reassignment.

*Ergo,* pursuant to the mandate of the U.S. Court of Appeals for the Seventh Circuit, the previous order of dismissal entered in this case having been vacated, this case is transferred to Chief Judge Mihm for reassignment.

SO ORDERED.